Rockingham,
June 6, 1933.

## Maud Richards *v.* Ernest Richards.
## Gertrude Cleveland *v.* Same.

*Batchelder & Wheeler (Mr. Wheeler* orally), for the plaintiffs.

*Timothy F. O'Connor* and *Myer Saidel (Mr. Saidel* orally), for the defendant.

Marble, J. The law of Massachusetts governs the rights of the parties. *Cole* v. *Morse,* 85 N. H. 214; *Lee* v. *Chamberlin,* 84 N. H. 182. And it is conceded that there can be no recovery under the law of that jurisdiction unless the defendant was grossly negligent.

The plaintiffs' evidence tended to prove the following facts.

The defendant was driving the plaintiffs from Exeter in this state

to Haverhill, Massachusetts, at the request of his sister-in-law, Mrs. Richards, plaintiff in the first named action. His car was a Ford sedan. Mrs. Richards was sitting on the front seat at his right, and Mrs. Cleveland was sitting directly behind him. They were descending Sanders hill, so called, in Merrimack, Massachusetts, when the car ran off the cement road toward the right, striking a fence and telegraph pole and tipping over.

Mrs. Richards thus describes the accident: "I had been watching the road all the way as one generally does, but just about that time I was resting, because I was particularly tired that day, so I wasn't watching the road just then, and the first I knew Mrs. Cleveland screamed and when she did, I glanced at the road and saw the car was leaving the road. I then glanced at Ernest [the defendant] and saw his head turned looking out at the left of the car, looking that way, and then I screamed and he was still looking that way."

On cross-examination she declared that the defendant "didn't change his position" but "was still looking to the left" as the car went off "to the right" and turned over.

Mrs. Cleveland testified: "We were riding along, I would not say fast at all, and I was looking off across the hills, it was kind of pretty through there, and I noticed we were leaving the road, and I hollered, I said, 'Ernest, look where you are going' and in a short time afterwards we crashed. I didn't know anything else."

On this evidence it could be found that the defendant, "taking his eyes from the road" (to quote the language of the court in *Meeney* v. *Doyle*, 276 Mass. 218, 220), did not look back "to see where he was going before his automobile veered to its right and struck" the fence and telegraph pole.

The highway was unobstructed and free from traffic. There was nothing to crowd the defendant off the road. The accident happened near the foot of the hill, and the defendant knew that the car was gaining speed at that point. He stated that Mrs. Cleveland had been "scared" when riding down that particular hill with him some years before.

Under the Massachusetts rule, "this combination of circumstances" was clearly sufficient to support a finding of gross negligence—"of a shockingly smaller amount of watchfulness and circumspection than the circumstances required of a person of ordinary prudence." *Meeney* v. *Doyle, supra.* To the same effect, see *Kirby* v. *Keating*, 271 Mass. 390; *Caldbeck* v. *Flint*, 281 Mass. 360; *Connors* v. *Boland*, 282 Mass. 518.

In Massachusetts, as in this state, "Contributory negligence in all actions for injuries to person or property is an affirmative defence with the burden resting on the defendant, . . . and with rare exceptions presents an issue of fact for the jury." *O'Connell* v. *McKeown*, 270 Mass. 432, 435. Indeed, under the law of that commonwealth, it is only where a passenger has entrusted his safety entirely to the driver that recovery is precluded. *Oppenheim* v. *Barkin*, 262 Mass. 281, and cases cited. No such situation existed here.

The motions for nonsuits and directed verdicts were properly denied.

The defendant requested the court to instruct the jury that if they were satisfied "that it was an unavoidable accident," their verdict must be in his favor. This question does not appear to have been definitely raised at the trial. The motions for nonsuits and directed verdicts were expressly stated to be upon the ground that the plaintiffs had not sustained their burden of proving gross negligence. But in no event has the defendant any cause to complain.

The court instructed the jury in part as follows: ". . . in order for Mrs. Richards and Mrs. Cleveland to be given a verdict at your hands, they must first satisfy you by evidence that makes it appear to you more probable than otherwise that the defendant was guilty of gross negligence in the manner in which he was operating the car at the time of the accident, and further that by reason of that gross negligence, their injuries resulted . . .

"If the plaintiffs have satisfied you by a balance of probabilities that the defendant was guilty of ordinary negligence only, your verdict must be for the defendant. If the plaintiffs have failed to satisfy you that the defendant was guilty of gross negligence, your verdict must be for the defendant."

These instructions sufficiently covered the request. *Moulton* v. *Langley*, 82 N. H. 555.

The defendant also requested the court to instruct the jury that if they were satisfied on the evidence that the sudden shout or scream of either guest so startled the driver as to create a sudden emergency, causing him to look toward the left, he could not be found guilty of negligence for so doing even if it was the wrong thing to do, "since the law does not recognize such an error or mistake in judgment as negligence, simple or gross, in such a situation."

This request did not define the law applicable to emergencies with anything like substantial accuracy.

"It is true that allowance must be made for one compelled to act immediately, without opportunity for deliberation, upon a sudden

emergency. But this does not mean that he is necessarily excused for any error of judgment, but simply that his conduct is to be judged in view of the exigency and the need of immediate action ... While a choice, though mistaken, may yet be prudent (*Kane* v. *Worcester Consolidated Street Railway*, 182 Mass. 201), this must be determined by the jury and not by the court." *Lemay* v. *Railway*, 210 Mass. 63, 67.

The instructions on the subject were sufficiently favorable to the defendant.

The defendant further excepted to the denial of the following request for instructions: "I instruct you that 'looking toward the left or back' is not in and of itself negligence either simple or gross. Circumstances of driving may or may not justify it. There is no compulsion under the law, either in New Hampshire or in Massachusetts, upon a driver to look 'straight ahead' under any and all situations."

After defining gross negligence, the court charged the jury as follows:

"In determining the degree of negligence, if you find there was any, on the part of the defendant, you should consider the danger involved in driving along such a road as the parties were on at the time of the accident, the rate of speed they were traveling, the condition of the road, the width of the road, the traffic conditions, and measure his act by the application of your knowledge and experience in such matters, and say if under the circumstances his conduct was grossly negligent. . . .

"In considering the conduct of the defendant also, you should take into consideration the element of surprise resulting from exclamations on the part of the passengers, if you find there was any, and whether or not that would affect his acts and judgment and contribute to the accident. You may take that into consideration both in determining the finding of gross negligence on the defendant's part, as well as the contributory negligence of the plaintiffs."

From these instructions the jury could not have failed to understand that the conduct of the defendant in looking away from the road did not constitute negligence as a matter of law, but was to be tested in the light of the surrounding circumstances.

The presiding justice was not obliged to adopt the specific language of the request so long as the jury were properly instructed with respect to its subject-matter. *Salvas* v. *Cantin*, 85 N. H. 489, 493; *Colby* v. *Lee*, 83 N. H. 303, 307; *McCarthy* v. *Souther*, 83 N.H. 29, 34, and cases cited.

The other exceptions are understood to be waived.

*Judgments on the verdicts.*

All concurred.