[File No. 6156.]

ANNIE SCHWAGER, Appellant, v. NICK ANDERSON, Respondent.

and

THRESSA ANDERSON, Appellant, v. NICK ANDERSON, Respondent.

(249 N. W. 305.)

Opinion filed June 24, 1933.

*Bangs, Hamilton & Bangs,* for appellant.

*George A. Bangs,* for respondent.

BURKE, J. On the 14th day of October, 1931, the plaintiff, Thressa Anderson, and the defendant, Nick Anderson, her husband, together with Annie Schwager, a sister of the plaintiff, Mrs. Anderson, left Grand Forks in the defendant's automobile to visit a brother of Mrs. Anderson and Mrs. Schwager at Hampden, North Dakota, who was reported to be seriously ill. Hampden is about 136 miles west and a little north of Grand Forks, in the northern part of Ramsey county, North Dakota. En route and while on the regular highway, in attempting to pass a truck, there was an accident, in which Mrs. Anderson and

Mrs. Schwager were injured and both brought actions against the defendant, Nick Anderson, the owner of the car and who was driving at the time of the accident.

At the close of the plaintiffs' testimony in each case the defendant moved for a directed verdict which was overruled. At the close of all the testimony the defendant again moved for a directed verdict in each case, which was overruled and the jury, having returned verdicts for the plaintiff in each case, the defendant moved for judgment notwithstanding the verdict, or for a new trial, and from the order granting a new trial in each case the plaintiffs appeal.

The two actions were consolidated and tried as one action on the same evidence. The pleadings were the same in each case. The plaintiffs alleged, in substance, that on the 14th day of October, 1931, the plaintiff was riding as an invited passenger in the defendant's automobile and that the defendant while driving said automobile on the highway near Edmore, North Dakota, while the plaintiff was a passenger, was so grossly negligent and careless in the operation and driving of said automobile that he drove said automobile into the ditch and the plaintiff was seriously injured and damaged, due to the gross negligence and carelessness and wilful misconduct of the defendant in the driving and operation of said automobile at an excessive rate of speed without due regard for the safety and protection of the lives of others.

The defendant alleges, as a defense, that at the time of receiving the injury complained of the plaintiff was riding in the vehicle without giving compensation therefor; that she was a guest of the defendant and that the vehicle was moving on the public highway of the state of North Dakota and that such injury was not proximately caused from the intoxication, wilful misconduct, or gross negligence of the defendant and that under the provisions of chapter 184 of the North Dakota Session Laws for the year 1931 there is no liability upon this defendant for plaintiff's injuries.

The trial judge, in his memorandum opinion, states that at the time the case was submitted to the jury he was of the opinion that chapter 184, Session Laws, 1931, was not applicable to the facts in either case and that he did not take that law into consideration in passing upon the defendant's motion for an instructed verdict, or in his instructions to the jury; but upon consideration of the defendant's motion for judg-

ment notwithstanding the verdict, or for a new trial, he was of the opinion that it did apply and granted the motion for a new trial.

Section 1 of chapter 184 of the Laws of 1931, provides that "Any person who as a guest accepts a ride in any vehicle, moving upon any of the public highways of the State of North Dakota, and while so riding as such guest receives or sustains an injury, shall have no right of recovery against the owner or driver or person responsible for the operation of such vehicle. . . . Section 2. Nothing in this Act contained shall be construed as relieving the owner or driver or person responsible for the operation of a vehicle from liability for injury to or death of such guest proximately resulting from the intoxication, wilful misconduct, or gross negligence of such owner, driver or person responsible for the operation of such vehicle; . . . Section 3. For the purpose of this Act the term 'guest' is hereby defined as being a person who accepts a ride in any vehicle without giving compensation therefor."

In the instant case the two plaintiffs were riding in the defendant's car without giving compensation therefor and were, therefore, guests under the statute, and could only recover for an injury received while so riding as a guest in defendant's car from injuries proximately resulting from the intoxication, wilful misconduct or gross negligence of such owner.

The claim is that the injuries resulted from the gross negligence of such owner in driving the car.

There is no conflict in the testimony. The plaintiffs were sitting in the back seat of the car talking to each other and paid very little attention to the road or to the progress of the car. Mrs. Anderson testified: "We weren't paying much attention to the driving, we were talking. There was a truck ahead of us, I remember that, . . . and all I knew was when I said we were going in the ditch, I noticed that; and that's as far as I can tell what happened. I saw the truck just a short time before we went to pass it. I could not tell you whether we passed it, or not. I have been riding in automobiles ever since we owned one, about 16 years. I know when the car is running rapidly or slowly. I should judge it was about forty or forty-five miles, between them two."

The defendant testified that the car was equipped with a horn, a good noisy one. "You can make all kinds of noise with the new horns.

It is a good loud horn. The truck was upon its proper side of the road, on the right hand side. I pulled up and I saw he was kind of pulling in on the road, and I probably could have passed him, but the car was running pretty fast. I could not tell you how fast, I was not looking at the speedometer, I was looking at the road. I was going about 40 or 45 miles an hour. I blew the horn about ten rods behind the truck and the car kind of pulled out towards the center of the road, and I switched my car around quick and shoved off in the ditch, with that speed. That's all there was to it, and that's all I can tell you. Q. Did you run into the ditch intentionally? A. Well, I guess not. I never did. . . . It was a clear sunshiny day. There might have been some dust, but not to bother." On cross examination he testified: "Q. And did the driver of the truck from your view-point, show any indication that he heard that horn? A. No. Q. Your car came on up to the truck, and you intended to drive by on the south side? A. Yes. Q. . . . As you came up to that truck, it seemed to you that the truck turned a little to the left? A. He did. Q. As you looked at the space, you figured that there was room for you to go on by the truck? A. Yes. Q. You turned your car, intending to turn your car just to miss the truck? A. Yes. Q. And turned the wheel too far, and ran into the ditch, is that it? A. That's the way it went."

There was no error in granting a motion for new trial but respondent contends that as a matter of law there is no gross negligence upon the part of the defendant and his motion for judgment notwithstanding the verdict should have been granted.

The defendant had a new DeLuxe four door Ford car equipped with four wheel brakes, a loud sounding horn and in good running condition. He had been driving cars for sixteen or seventeen years, mostly Fords. He was familiar with the road, having traversed it with the two plaintiffs about twice a year, visiting the brother and brother-in-law at Hampden, North Dakota. The road was graded and gravelled and there was no other traffic or obstruction at the time. The record shows a very strong affection between plaintiffs and their brother and the defendant. Section 7282, Compiled Laws 1913, defines gross negligence as the want of slight care and diligence.

In the case of Farmers' Mercantile Co. v. Northern P. R. Co. 27 N. D. 302, at page 310, 146 N. W. 550, this court said: "Gross negli-

gence is, to all intents and purposes, no care at all. It is the omission of the care which even the most inattentive and thoughtless seldom fail to take of their own concerns. It evinces a reckless temperament. It is lack of care which is practically wilful in its nature. It is an omission of duty which is akin to fraud. It is the absence of even slight care."

In Massachusetts a guest cannot recover for an injury except in case it is the proximate result of gross negligence. In the case of Altman v. Aronson, 231 Mass. 588, at page 592, 121 N. E. 505, 4 A.L.R. 1185, the court said: "Gross negligence is a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a person of ordinary prudence. But it is something less than the willful, wanton and reckless conduct which renders a defendant who has injured another liable to the latter even though guilty of contributory negligence, or which renders a defendant in rightful possession of real estate liable to a trespasser whom he has injured. It falls short of being such reckless disregard of probable consequences as is equivalent to a willful and intentional wrong." Massaletti v. Fitzroy, 228 Mass. 487 and cases cited at pages 500, 501, 118 N. E. 168, L.R.A.1918C, 264, Ann. Cas. 1918B, 1088, 18 N. C. C. A. 690; Devine v. New York, N. H. & H. R. Co. 205 Mass. 416, 91 N. E. 522; Banks v. Braman, 188 Mass. 367, 369, 74 N. E. 594; Aiken v. Holyoke Street R. Co. 184 Mass. 269, 271, 68 N. E. 238.

In the case of Forman v. Prevoir, 266 Mass. 111, 164 N. E. 818, the plaintiff saw the defendant coming along Blue Hill Avenue with his truck. Having ridden with him on previous occasions he signalled to the defendant and asked him whether he was willing to take him along with him. The defendant acknowledged the signal, motioned for the plaintiff to come along and stopped his machine about ten feet ahead of where the plaintiff was standing. The plaintiff ran around the rear of the truck to the left hand side and prepared to board the truck on the left hand side, it being a right hand drive. As he was getting on, standing with one foot on the truck and was about to grab hold of the rod that holds the curtain, the defendant said, "Make it snappy. I am in a hurry," and started the truck up very abruptly and very fast. The plaintiff was thrown to the ground and thereby sustained a fractured leg. The court said: "As between the plaintiff and

defendant the transaction was gratuitous, and unless the defendant was guilty of gross negligence he was not liable in damages for the injury sustained by the plaintiff. Massaletti v. Fitzroy, 228 Mass. 487, 118 N. E. 168, L.R.A.1918C, 264, Ann. Cas. 1918B, 1088, 18 N. C. C. A. 690. There is nothing in the reported evidence to warrant a finding that the defendant should have known when he started the engine that the plaintiff had not taken 'hold of the rod that holds the curtain.' His seat was on the right, while the rod was on the left of the entrance to the truck, and there is no evidence reported which would warrant an inference that the rod at the left was visible from the seat of the driver at the right. Not to ascertain whether the plaintiff was in a position of comparative safety when the car was started may have been an act of negligence, but clearly such failure was not gross negligence as these words are defined in Altman v. Aronson, 231 Mass. 588, 591, 121 N. E. 505, 4 A.L.R. 1185."

In the case of Burke v. Cook, 246 Mass. 518, 141 N. E. 585, the record shows that just before the accident the car seemed to be steering to the right and the defendant turned the wheel to the left and it turned quickly and the car turned over. Some of the witnesses testified that the car was going very fast; others at about thirty-five miles per hour. One witness testified that the car was going as fast as sixty-three miles an hour. The Massachusetts court said: "Clearly, if this action can be maintained by proof of what is sometimes called ordinary negligence for the purpose of distinguishing it from gross negligence, there was a jury issue. The rate of speed, the quick turning of the automobile and its overturn, together were sufficient to justify a conclusion founded on the failure to fulfill that duty. But confessedly the plaintiff cannot get on unless the evidence was sufficient to uphold a verdict based on gross negligence. Massaletti v. Fitzroy, 228 Mass. 487, 118 N. E. 168, L.R.A.1918C, 264, Ann. Cas. 1918B, 1088, 18 N. C. C. A. 690; O'Leary v. Fash, 245 Mass. 123, and cases collected at page 124, 140 N. E. 282. . . . The probative effect of the facts here shown must be tested by the standard declared. The measure that is to be applied is one of law, hence not within the control of the jury. In appropriate cases a ruling can be made that the facts are not sufficient to justify a verdict based wholly upon the existence of gross negligence." Judgment was ordered for the defendant.

The Michigan statute provides that "No person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

In the case of Naudzius v. Lahr, 253 Mich. 216, 234 N. W. 581, at page 585, 74 A.L.R. 1189, the Michigan court said: "The gross negligence charged against defendant was that he requested his brother Clarence to drive the car, knowing that Clarence was 17 years old and an inexperienced, unskillful, and incompetent person to drive an automobile. It further charged that the defendant remained in the car, that Clarence was driving at an excessive rate of speed, and, by reason of his inexperience, lack of skill, and incompetency, he lost control of the car, it left the pavement and went into the ditch, injuring the plaintiff. The declaration does not charge Clarence with more than ordinary negligence. . . . To constitute a charge of gross negligence or wanton or wilful misconduct, the facts lifting the owner's fault above ordinary negligence must be set out. Such facts are not stated in this declaration, and the charge here made against the defendant is no more than ordinary negligence. . . . Permitting inexperienced, unskillful, and incompetent boy to drive automobile at excessive speed was not gross negligence permitting recovery by gratuitous passenger. Public Act 1929, No. 19. . . . To constitute charge of gross negligence or wanton or wilful misconduct, facts lifting owner's fault above ordinary negligence must be set out. . . . Generally, gratuitous passengers are relatives or friends. Exceptionally, they are mere acquaintances, invited chance pedestrians, or those who deliberately solicit rides. Since the rule of liability was announced in Roy v. Kirn, 208 Mich. 571, 175 N. W. 475, there has been considerable litigation between guests and hosts. Some between husband and wife or other close relatives has found its way to this court."

The Connecticut statute reads as follows: "No person transported by the owner or operator of a motor vehicle as his guest without pay-

ment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others." The right of action for damages is given (1) where the accident is intentional on the part of the owner and (2) when it is caused by his heedlessness or his disregard of the rights of others.

In the case of Silver v. Silver, 108 Conn. 371, 143 Atl. 240, 65 A.L.R. 943, the plaintiff was the invited guest of her husband, the defendant. There was considerable traffic upon the road in both directions and the defendant was driving in the line of traffic behind a number of other cars at a speed of about fifteen or twenty miles per hour. His son was in the rear seat of the car and called out, "Oh daddy, look at the horses," at the same time pointing to some horses that were being ridden in a vacant lot upon the right side of the road. The defendant turned and looked to the right and immediately crashed into a car which had been proceeding about 15 feet in front of him, as a result of which the plaintiff received injuries for which she seeks to recover. At the close of plaintiff's case the court directed a verdict in favor of the defendant. On appeal to the supreme court the court said: "The word 'heedlessness' signifies a failure to take heed and is a synonym of carelessness. Standing by itself it connotes a lack of care substantially identical with that indicated by the word 'negligence.'

"The question for our consideration, however, is not the meaning of a single word in an abstract sense, but its meaning with due regard to its context and the meaning of the entire phrase or sentence in which it appears. We must assume that the Legislature was familiar with the decisions of this court permitting a recovery by a guest in an automobile for injuries resulting from the negligence of the owner or operator, and that, when it undertook to legislate upon that subject, it was with the purpose of making some change in the existing law. Stamford v. Stamford, 107 Conn. 596, 141 Atl. 891. Such purpose is pretty clearly indicated in the title of the Act and in the first clause of the first section, which provides that no guest shall have a cause of action against the owner or operator of the car in case of accident. Then follows a statement of the exceptions to the general rule—'Un-

less such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others.'

"If the phrase 'or caused by his heedlessness' is to be taken as strictly disjunctive as by itself constituting an exception to the general rule of nonliability, and 'heedlessness' is to be synonymous with 'negligence,' the entire statute is nugatory and effects no change whatever in the law as it existed before its enactment. We do not think that is a sensible construction of the statute. It would utterly fail to effectuate the obvious purpose of the Legislature in some way to limit the liability of the owner or operator of a motor vehicle to one who was riding in it as his guest. The language of the statute indicates an intention to limit such liability to two classes of cases: First, when the accident was caused by intentional misconduct; and, second, when it was caused by heedless or reckless disregard of the rights of others, meaning thereby something more than the mere failure to exercise the care of a reasonably prudent man, which is the familiar definition of negligence." This familiar definition of negligence was approved by this court in the case of Bolton v. Wells, 58 N. D. 286, 225 N. W. 791; Eddy v. Wells, 59 N. D. 663, 231 N. W. 785; Fitzmaurice v. Fitzmaurice, 62 N. D. 191, 242 N. W. 526, and it is clear that the legislature intended to change the law as announced in these cases, as applied to guests.

In the case of Ascher v. H. E. Friedman, 110 Conn. 1, 147 Atl. 263, the plaintiff was the guest in a car driven by her sister. They had taken their families including two children of the plaintiff and three of her sister's children for a picnic. While they were having a picnic lunch it suddenly grew dark and threatened a thunderstorm. They hastily put everything in the car and started for home. As they were approaching the house, they were proceeding at a rate of 25 to 30 miles an hour, and the plaintiff protested that they were going too fast, but the driver paid no attention. The house was upon the left-hand side of the street with a driveway into the yard. The driver was proceeding to the left of the center of the street and started to enter the driveway without slackening her speed. The right wheels of the car mounted the curb to the right of the entrance, and in an endeavor to correct her course, the driver swung too far to the left, ploughed through a flower bed, and crashed into a bay window of the house about 25 feet from the

curb. The trial court set aside the verdict in favor of the plaintiff on the ground that her case, taken in its most favorable aspect, disclosed nothing more than a case of ordinary negligence on the part of the driver of the car. The court said: "No claim of intentional misconduct is made here, but it is contended that the jury might reasonably have found that the plaintiff's injuries were caused by the heedless and reckless disregard of her rights by her sister who was the driver of the car. The facts, as to which there was no serious dispute, disclosed a typical case of negligence, the failure to exercise the care of a reasonably prudent person, for which there can be no recovery in an action by a guest. Conduct indicating a reckless disregard of the rights of others is quite distinct in its characteristics from merely negligent conduct. It is conduct which indicates an indifference to the consequences of action and constitutes wanton misconduct. Menzie v. Kalmonowitz, 107 Conn. 197, 139 Atl. 698. . . . Conduct arising from momentary thoughtlessness, inadvertence, or from an error of judgment, does not indicate a reckless disregard of the rights of others. In her haste to get home before the threatened thunderstorm broke, the driver of this car turned from the street into the driveway without slackening her speed, with the result that the car failed to make the turn and mounted the curb. The accident was the result of a momentary bit of careless driving, a failure to exercise due care. There was nothing in the conduct of the defendant to indicate that she was operating the car with reckless disregard of the rights or safety of her own children and of her sister who were riding with her. There was no justification for the verdict of the jury in favor of the plaintiff and the court performed its clear duty in setting it aside."

In the instant case the defendant was driving in the country on a well graded gravelled highway and when he was about ten rods behind the truck he blew his horn and started to pass the truck. If the truck had remained in the position it was when he first blew the horn he would have had room to pass, but just as he got near the truck it turned into the road and the defendant said he still thought he had room to go by. This was an error of judgment, as in the case of Ascher v. H. E. Friedman, 110 Conn. 1, 147 Atl. 263, supra and like that case, a typical case of negligence, the failure to exercise the care of a reasonably prudent person, for which there can be no recovery by a guest.

Under the case of Bolton v. Wells, supra, and the other cases mentioned, the plaintiff would be entitled to recover but the law as announced in those cases has been changed by chapter 184, Session Laws, 1931. The case was, at most, only a cause of ordinary negligence and the motion for judgment notwithstanding the verdict should have been granted. Under § 7643, Compiled Laws for 1913, 1925 Supplement, it is the duty of this court to order a judgment of dismissal. It is so ordered.

NUESSLE, Ch. J., and BIRDZELL, BURR and CHRISTIANSON, JJ., concur.