[File No. 6414.]

LOUIS RUBBELKE, Respondent, v. BERTEL JACOBSEN, Appellant.

(268 N. W. 675.)

Opinion filed July 29, 1936. Rehearing denied August 20, 1936.

*John H. Lewis*, for appellant.

*Halvor L. Halvorson* and *Sinkler & Brekke, Leon W. Halvorson*, of counsel, for respondent.

MORRIS, J.   This is an appeal from a judgment rendered against the defendant in the district court of Ward county upon a verdict of the jury and from an order denying a motion for judgment not withstanding the verdict or for a new trial.   The plaintiff was injured in an accident which occurred on state highway No. 3 between the towns of Hurdsfield and Harvey about four o'clock P. M. September 3, 1934. He was riding as a guest in the back seat of an automobile which belonged to and was being driven by the defendant.   At the time the accident occurred, the car was traveling at a speed of 45 to 55 miles per hour.   The highway was straight and had a graveled surface in good condition.   The plaintiff was riding alone in the back seat and one Kranz was riding with the defendant in the front seat.   The defendant, who was driving, turned around to his right to talk to the plaintiff who sat directly behind him.   He turned sufficiently to look and did look directly at the plaintiff.   While his attention was so directed to the occupant of the back seat, the car ran off the road to the right and upset in a shallow ditch.   The plaintiff was thrown through the top of the car and was rendered unconscious for the time.   He received injuries to his head, shoulders, back, and right leg.   The car started

to go off the road as soon as the driver turned his head. After it started it took the car less than a second to run off the highway.

There is some testimony in the record that after the accident the defendant found nails in two tires. In one of these tires the inner tube had blown out. Despite this testimony there is ample evidence to sustain the plaintiff's contention that the accident was caused by the defendant's inattention to his duties as driver and that while directing his attention to the guest in the back seat he permitted the car to run off the road.

The plaintiff was a guest of the defendant within the meaning of chapter 184 of the Session Laws of North Dakota, 1931, and consequently cannot recover damages unless his injury is one "proximately resulting from the intoxication, wilful misconduct, or gross negligence" of his host. It is conceded that the defendant was not intoxicated, and that the accident was not the result of his wilful misconduct. The defendant contends that as a matter of law his actions, as shown by the testimony, do not constitute gross negligence.

In discussing gross negligence, this court has said: "Gross negligence is, to all intents and purposes, no care at all. It is the omission of the care which even the most inattentive and thoughtless seldom fail to take of their own concerns. It evinces a reckless temperament. It is a lack of care which is practically wilful in its nature." Farmers' Mercantile Co. v. Northern P. R. Co. 27 N. D. 302, 146 N. W. 550. Schwager v. Anderson, 63 N. D. 579, 249 N. W. 305; Erickson v. Foley, 65 N. D. 737, 262 N. W. 177.

In Shaw v. Moore, 104 Vt. 529, 162 A. 373, 86 A.L.R. 1139, 31 N. C. C. A. 680, the court said, "gross negligence is equivalent to the failure to exercise even a slight degree of care." The Supreme Court of California in Krause v. Rarity, 210 Cal. 644, 293 P. 62, 77 A.L.R. 1327, discussing "gross negligence" as used in the guest statute in that state, said: "In many jurisdictions the division of negligence into degrees is not countenanced (20 R. C. L. 21); the concept being that such phrases as 'gross negligence' and 'slight negligence' are misnomers. In this state the degrees of negligence have been frequently recognized. The term 'gross negligence' has been defined as 'the want of slight diligence,' as 'an entire failure to exercise care, or the exercise of so slight

a degree of care as to justify the belief that there was an indifference to the things and welfare of others,' and as 'that want of care which would raise a presumption of the conscious indifference to consequences.' 19 Cal. Jur. p. 554; Coit v. Western U. Teleg. Co. 130 Cal. 657, 63 P. 83, 53 L.R.A. 678, 80 Am. St. Rep. 153."

The above case was decided in 1930. In 1931 the North Dakota Legislature adopted a guest statute identical in wording with that of the California statute involved in the above case. Since that time the California statute has been amended by omitting the words "gross negligence." Our statute, however, remains unchanged.

Many states have guest statutes, but most of them are either different in wording from ours, or are construed by the courts of states in which different rules of negligence apply than those in North Dakota.

In Iowa the guest statute uses the term "reckless operation." The Connecticut statute requires proof of "heedless or reckless disregard of the rights of others." Liability in Michigan depends upon proof of "gross negligence or wilful or wanton misconduct," on the part of the host. In Vermont an injured guest can recover only upon showing "gross or wilful negligence." Gross negligence has been defined in Vermont as the failure to exercise even slight care, amounting to indifference to legal duty, but it may fall short of such reckless disregard of consequences as to be equivalent to a wilful wrong. Shaw v. Moore, 104 Vt. 529, 162 A. 373, supra.

In determining whether or not gross negligence exists, "every act or omission entering into a particular happening must be considered in connection with all the other circumstances, before the whole can properly be held to be an instance of gross negligence." Meeney v. Doyle, 276 Mass. 218, 177 N. E. 6. In a number of recent cases we find that acts similar to those involved in this case were held to constitute gross negligence. Among them are the following: Richards v. Richards, 86 N. H. 273, 166 A. 823, in which the defendant drove his automobile off the road while gazing to the left. Horneman v. Brown, 286 Mass. 65, 190 N. E. 735, in which the defendant stooped over to light a cigarette and took his eyes off the road while driving at 35 miles per hour. Dow v. Lipsitz, 283 Mass. 132, 185 N. E. 921, in which the defendant leaned over to adjust the lights while traveling at 30 to 35 miles per hour and drove off the road. In Crowley v.

Fisher, 284 Mass. 205, 187 N. E. 608, the defendant lost control of his car while watching an airplane. In all of these cases it appears that the plaintiff was injured in an accident which was a proximate result of the defendant's inattention to the road on which he was driving. In the above cases the period of inattention was brief, usually lasting, at the most, for a few seconds, but long enough to cause an accident.

In the case of Tucker v. Andrews, 51 Ga. App. 841, 181 S. E. 673, the defendant looked back while driving at 25 miles per hour when a child in the back seat stated that a bottle of milk had turned over, resulting in the automobile striking a telegraph pole. The conduct was held not to be gross negligence. In the opinion of the court "the looking back of the defendant to see about the milk, immediately upon being told of the mishap, was instinctive and a natural impulse." The above quoted statement denotes the line of demarcation between those cases which hold the driver guilty of gross negligence for momentary inattention to the road and those which do not.

Where the driver voluntarily and deliberately directs his attention elsewhere than to the highway upon which he is driving and as a proximate result of his inattention, even though momentary, an accident occurs, the question of his gross negligence is for the jury.

The defendant cites Schwager v. Anderson, 63 N. D. 579, 249 N. W. 305, supra. In that case the motorist was driving upon a well graded, graveled highway. As he started to pass a truck, at a speed of 40 to 45 miles per hour after sounding his horn, the truck, instead of giving way to the right, moved to the left toward the center of the road. The motorist still thought he had room to pass, but in attempting to do so, ran into the ditch. This court held that the facts disclosed an error of judgment, and a typical case of negligence, but not gross negligence. There appears a vast difference between the facts in Schwager v. Anderson, supra, and the facts in this case. In that case the driver was devoting all of his attention to the operation of his car. He was attending solely to the business of driving. The truck which he was about to pass swung over to the left. He was required to exercise immediate judgment as to whether or not he could pass. Results later proved that judgment to be erroneous, but his acts based upon such judgment did not constitute gross negligence. In this case the evidence would warrant the jury in finding that the defendant deliberately

turned his attention from the business of driving to the peril of himself and the other occupants of his car; that in doing so he momentarily abandoned care and as a proximate result of his acts, the accident happened. It does not appear that his attention was distracted by any unusual incident. His inattention to the highway appears to have been entirely voluntary, and even though it endured for a brief space of time, perhaps less than a second, we cannot say as a matter of law that he exercised slight care, or, in fact, any care at all. He was driving at a rate of at least 66 feet per second. The absence of care existed for a sufficient length of time to cause the accident, and the consequent injury to the plaintiff. Wilful failure to exercise slight care, even though of brief duration, which results in injury to another, amounts to gross negligence. Under the circumstances here presented, it is for the jury and not for this court, to say whether slight care existed. The jury found that the defendant was guilty of gross negligence. We will not disturb this verdict.

The defendant contends that the court erred in refusing to give the following requested instruction:

"In this case the Plaintiff contends that the Defendant was guilty of gross negligence and that because of such gross negligence on the part of the Defendant Plaintiff sustained the injury complained of.

"I charge you that 'gross negligence' is, to all intents and purposes, no care at all. It is the omission of the care which even the most inattentive and thoughtless seldom fail to take of their own concerns. It evinces a reckless temperament. It is a lack of care which is practically willful in its nature. It is an omission of duty which is akin to fraud. It is the absence of even slight care.

"And I charge you that before you can bring in a verdict in favor of the Plaintiff and against the Defendant in this action, you must find, by a fair preponderance of the evidence, that the Defendant was guilty of gross negligence as herein defined and that such gross negligence was the proximate cause of the injury which the Plaintiff sustained."

The above requested instruction is based upon the definition of gross negligence found in the case of Farmers' Mercantile Co. v. Northern P. R. Co. 27 N. D. 302, 146 N. W. 550, supra. The trial court charged the jury on gross negligence as follows:

"I charge you that under our law gross negligence consists in the

want of slight care and diligence. Slight care and diligence means such care and diligence as persons of ordinary prudence usually exercise about their own affairs of slight importance.

"Gross negligence is a relative term and whether or not a certain act is or is not gross negligence, depends upon all the circumstances, and must of necessity vary with the circumstances of each particular case."

This instruction is based upon the statutory definition contained in § 7283 of the Comp. Laws of North Dakota for 1913, and was sufficiently informative to advise the jury of the law upon this point. It was not error to decline to give the instruction requested by the defendant, in view of the sufficiency of the instruction which the court did give.

The verdict in this case was for $3500 which the defendant claims is excessive in view of the evidence submitted. There is some dispute as to the permanency of the plaintiff's injuries. Medical testimony does not agree upon this point. The trial was had over a year after the accident. According to the record one doctor examined the plaintiff the day after the accident and examined him again a few days prior to the trial. The doctor said, "I consider he is practically in the same condition as the first time I saw him. He is not any better." Another doctor testified that the plaintiff was suffering from a calcified bursa in the shoulder which caused a limitation of the motion of the right arm, but that this condition could be corrected by a comparatively simple surgical operation. The amount of damages in cases of this character must be left largely to the sound discretion of the jury. The state of the evidence is such that reasonable minds might differ both as to the extent and permanency of the plaintiff's disabilities. Under the state of the evidence here presented, we cannot say that the amount awarded is so grossly excessive as to necessarily indicate passion and prejudice of the jury.

The appellant assigns as error several rulings of the court during the course of the trial. These rulings we find to be within the sound discretion of the trial court.

Affirmed.

BURKE, Ch. J., and NUESSLE, BURR and CHRISTIANSON, JJ., concur.