## WILLIAM KURTZ v. C. W. PAULSON.

(157 N. W. 305.)

**Amendments to pleadings — during trial — trial courts — wide discretion in.**

1. Trial courts are vested with wide discretionary powers in the matter of granting amendments to pleadings during the trial of an action.

**Evidence — chattel mortgage — objections — excluding — error.**

2. It is *held* that, for reasons stated in the opinion, the court erred in excluding a certain chattel mortgage offered in evidence by the defendant.

Opinion filed March 16, 1916.

From a judgment of the District Court of Barnes County, *Coffey*, J., defendant appeals.

Reversed.

*A. P. Paulson,* for appellant.

While a wide discretion is vested in the trial court in the matter of the amendment of pleadings during the trial, or at any time prior or after, yet an amendment should not be allowed to make the pleading correspond to the proof, where the proof itself clearly shows a contradictory state. In other words, the evidence, on the points sought to be covered by the amendment, was conflicting, and therefore nothing existed upon which to base such amendment. French v. State Farmers' Mut. Hail Ins. Co. 29 N. D. 426, L.R.A.1915D, 766, 151 N. W. 7; Barker v. More, 18 N. D. 82, 118 N. W. 823; Dickson v. Pritchard, 111 Wis. 310, 87 N. W. 292; Rogers v. Union Stone Co. 130 Mass. 581, 39 Am. Rep. 478; 30 Century Dig. ¶ 606 (k); Guerin v. St. Paul F. & M. Ins. Co. 44 Minn. 20, 46 N. W. 138.

Furthermore, the evidence tending to establish any greater sum due than that originally stated was incompetent and inadmissible. Woodward v. Northern P. R. Co. 16 N. D. 38, 111 N. W. 627.

Again, the amended complaint did not conform to the proof. Nash v. Southern R. Co. 136 Ala. 177, 96 Am. St. Rep. 19, 33 So. 932; Beavers v. Hardie, 59 Ala. 570; Murphy v. Plankinton Bank, 18 S. D. 317, 100 N. W. 617.

An amendment which simply supplies some formal matter which does not go to the merits may be allowed at any seasonable time, but one which substantially changes the cause or defense, during trial, should not be allowed. Ashe v. Beasley, 6 N. D. 191, 69 N. W. 188.

Exclusion of proper evidence is ground for a new trial. That there was other evidence of the same kind, or that the rejected evidence was cumulative where the other evidence in the case is conflicting, may not render the error harmless. 29 Cyc. 783, ¶ b, and cases cited; Moon v. Hawks, 2 Aik. 390, 16 Am. Dec. 725; Jones v. Young, 18 N. C. (1 Dev. & B. L.) 352, 28 Am. Dec. 569; Knifong v. Hendricks, 2 Gratt. 212, 44 Am. Dec. 385; Plymouth County Bank v. Gilman, 4 S. D. 265, 46 Am. St. Rep. 786, 56 N. W. 892.

It is the law that the creditor cannot be compelled to accept the principal before maturity, even if the entire interest up to the date of maturity is tendered or paid. 22 Am. & Eng. Enc. Law, 530, ¶ 5, and cases cited.

Where the principal note and coupons had been executed with a fixed date of maturity, in the absence of special agreement to forego the

interest, defendant was entitled to collect the whole interest up to the date of maturity. Skelly v. Bristol Sav. Bank, 63 Conn. 83, 19 L.R.A. 599, 38 Am. St. Rep. 341, 26 Atl. 474; Crosby v. Wyatt, 10 N. H. 318; Hubbard v. Callahan, 42 Conn. 524, 19 Am. Rep. 564.

Where a borrower pays interest in advance under a contract, he cannot come in before the maturity of his note and compel the payee to accept payment and apply such advanced interest on the principal as a payment. Drew v. Towle, 30 N. H. 531, 64 Am. Dec. 315; People's Bank v. Pearsons, 30 Vt. 714; Jarvis v. Hyatt, 43 Ind. 163; Abel v. Alexander, 45 Ind. 523, 15 Am. Rep. 270.

Where the verdict is against the weight of the evidence, but the evidence is contradictory, a motion for a new trial should be granted. Godfrey v. Godfrey, 127 Wis. 47, 106 N. W. 814, 7 Ann. Cas. 176; Montmorency County v. Putnam, 144 Mich. 135, 107 N. W. 895; Dart v. Russell, 99 Minn. 364, 109 N. W. 702; Lang v. Merbach, 96 Minn. 431, 105 N. W. 415; Racine v. Mahoney, 106 Minn. 537, 118 N. W. 64; Rochford v. Albaugh, 16 S. D. 628, 94 N. W. 701; Dickinson v. Hahn, 23 S. D. 65, 119 N. W. 1034; Nilson v. Horton, 19 N. D. 187, 123 N. W. 397, and cases cited.

*Winterer & Ritchie*, for respondent.

The right to allow amendments to pleadings rests in the sound discretion of the trial court, nor will the trial court's action be reversed unless it clearly appears that such discretion has been abused. French v. State Farmers' Mut. Hail Ins. Co. 29 N. D. 426, L.R.A.1915D, 766, 151 N. W. 7; 1 Enc. Pl. & Pr. 586; Comp. Laws 1913, § 7482, and cases cited.

Where certain evidence is offered and objection is made, but same is admitted, such procedure affords no ground for legal objection to the allowance of an amendment. Firebaugh v. Burbank, 121 Cal. 186, 53 Pac. 560; Guidery v. Green, 95 Cal. 630, 30 Pac. 786; Clark v. Phœnix Ins. Co. 36 Cal. 168; Stringer v. Davis, 30 Cal. 318.

After the amendment was allowed and after the service of the amended complaint, the defendant continued to participate in the trial, and by proof attempted to meet the amended complaint; that is, attempted to show no such amount due. City Light, Power, Ice & Storage Co. v. St. Mary's Mach. Co. 170 Mo. App. 224, 156 S. W. 83; Borkowski v. Janicke, 170 Mo. App. 610, 157 S. W. 125.

In such case, the amendment was harmless, even though allowed and made erroneously. Bishop v. Baisley, 28 Or. 119, 41 Pac. 936; Dickenson v. Columbus State Bank, 71 Neb. 260, 98 N. W. 813; Brown v. Brown, 71 Neb. 200, 115 Am. St. Rep. 568, 98 N. W. 718, 8 Ann. Cas. 632.

CHRISTIANSON, J. The plaintiff was the owner of certain lands in Barnes county on which there was a first mortgage for $3,800 in favor of the First National Bank of Tower City, and a second mortgage for $3,000, in favor of the Merchant's State Bank of Fingal, of which latter bank the defendant Paulson was president. In the fall of 1908, the plaintiff was desirous of making a new loan, and negotiations were had between plaintiff and defendant with reference thereto. Plaintiff claims that defendant agreed to procure a first loan for $6,000, the proceeds of which were to be applied in payment of the first mortgage with accrued interest, unpaid taxes, and certain other claims against the plaintiff. and that defendant would release the second mortgage of $3,000 (due in about three years) held by his bank, and place the same of record subsequent to the $6,000 first mortgage. The plaintiff further claims that defendant agreed to procure this loan at the rate of 6 per cent per annum, and that no commission was to be paid to the defendant for procuring such loan. The defendant, on the other hand, claims that it was agreed that the plaintiff should pay two years' interest in advance upon the $3,000 second mortgage in consideration of the bank releasing such mortgage, and that it was further agreed that the first loan was to bear in all $8\frac{1}{2}$ per cent interest, of which $2\frac{1}{2}$ per cent was to be paid in advance as commissions for procuring the loan.

It is conceded that plaintiff and his wife executed and delivered the real estate mortgage and note for the $6,000 loan, and that defendant received the proceeds thereof from the mortgagee. It is also conceded that the defendant properly disbursed $4,475 thereof, of which amount $4,155.81 was disbursed in paying off the first mortgage for $3,000, with accrued interest thereon, and taxes outstanding against the land. The amount in dispute under the pleadings is $1,525, which plaintiff claims is the balance due him. Defendant claims to be entitled to this sum in payment of the two years' interest on the $3.000 second mort-

gage, commissions for procuring the loan, and traveling expenses in going to Wisconsin in connection with the loan.

Plaintiff brings this action to recover from the defendant the balance alleged to be due upon such real estate loan, and in his complaint alleges "that during the month of February, A. D. 1909, the above-named plaintiff made a loan in the sum of $6,000, for which he gave his promissory note, and as security for the payment of which made, executed, and delivered a mortgage covering (certain-described lands in Barnes county) ; which said note and mortgage were executed and delivered by this plaintiff William Kurtz, to said defendant C. W. Paulson.

"That said C. W. Paulson, acting as the agent for the party making said loan to the said plaintiff, did then and there receive from his said principal the sum of $6,000, as and for the proceeds of the loan, and did make application of the said proceeds in the payment of certain claims against and debts due and owing from the plaintiff herein, and did, from the said proceeds or the said sum of $6,000, pay unto creditors of this plaintiff the sum of $5,475, which said sum is properly chargeable against the money due and owing from this plaintiff under said loan; to wit, said sum of $6,000.

"That there is due and owing to the plaintiff from said defendant by reason of the balance of the said loan not disbursed for and on behalf of this plaintiff or under his authorization, the sum of $525, no part of which has been paid plaintiff by said defendant, and which said sum was due and payable to the plaintiff on the 1st day of March A. D. 1909."

The defendant in his answer admits that as agent for the plaintiff he secured a loan of $6,000 from one J. J. Naset of Wisconsin, and that at the direction of the plaintiff he paid out on plaintiff's behalf certain sums of money, which, together with defendant's commission and expenses incident to making such loan, amounted to the full sum of $6,000, and that there is nothing due and owing to plaintiff from the defendant.

In his original complaint plaintiff claimed only a balance of $525, but upon the trial of the action he applied for, and was granted leave to amend his complaint by increasing the amount of the balance alleged to be due to the plaintiff from $525 to $1,525. By stipulation between counsel, the original answer was permitted to stand as the answer to

the amended complaint. Upon these pleadings the cause was submitted to the jury, which returned a verdict in favor of the plaintiff for $1,015, with interest at 7 per cent from March 1, 1909. Judgment was entered pursuant to this verdict, and defendant has appealed from the judgment.

1. Defendant's first assignment of error challenges the correctness of the court's ruling in allowing the amendment of the complaint. Courts were established to dispense justice. Rules of procedure were formulated as a means to this end. The provisions of the Code of Civil Procedure and all proceedings under it must be liberally construed to affect the object thereof, and to promote justice. (Comp. Laws 1913, § 7321.) Trial courts are vested with wide discretionary powers in the matter of granting amendments to pleadings, "in the furtherance of justice." Comp. Laws 1913, § 7842; First Nat. Bank v. Laughlin, 4 N. D. 391, 395, 61 N. W. 473; French v. State Farmers' Mut. Hail Ins. Co. 29 N. D. 426, L.R.A.1915D, 766, 151 N. W. 7; Ennis v. Retail Merchants' Asso. Mut. F. Ins. Co. ante, 20, 156 N. W. 234; Rectenbaugh v. Northwestern Port Huron Co. 22 S. D. 410, 118 N. W. 697; 1 Enc. Pl. & Pr. 586 et seq. The amendment introduced no new feature into the case. The question at issue remained the same as under the original pleadings; viz., What balance, if any, remained due to the plaintiff upon the real estate loan negotiated through the agency of the defendant? Defendant made no showing of surprise, nor did he ask for a continuance. We find no abuse of discretion in allowing the amendment.

2. The defendant also assigns error upon the exclusion of a certain chattel mortgage offered in evidence by the defendant.

As already stated, the questions in dispute were whether defendant was to procure the loan in question and temporarily release the second mortgage without any specific compensation for such service, or whether plaintiff agreed to pay defendant certain sums therefor.

It is undisputed that defendant's bank held a second mortgage for $3,000 against the land in question, which second mortgage was subject to the first mortgage for $3,800. The only other claims which defendant or his bank held against the plaintiff were three certain notes,—one for $50, one for $150, and one for $430. The two first notes were paid out of the proceeds of the $6,000 loan. Plaintiff claims that the

$430 loan, also, should have been paid out of the proceeds of this loan, but the defendant claims that it was not to be so paid, and that there were no moneys for this purpose. The $430 note was received in evidence, and the defendant offered in evidence the chattel mortgage securing the payment thereof. At the time of the offer, plaintiff's counsel objected to its admission on the ground that it was incompetent, irrelevant, and immaterial; not within the issues. Defendant's counsel stated that the chattel mortgage secured one of the notes mentioned in the testimony of plaintiff, which he claimed should have been paid out of the proceeds of the $6,000 loan. In response to a statement of the court that the materiality of the evidence was not apparent, defendant's counsel stated: "I think it is material to show that this note was secured by chattel security; that there was no inducement on the part of the defendant for making this loan for the purpose of securing payment of this debt." The chattel mortgage which is contained in the record shows that this $430 note was secured by a large amount of personal property, including, among other things, more than twenty head of horses, certain farm machinery, and crops.

We are of the opinion that the chattel mortgage should have been received in evidence. The theory of plaintiff, as indicated in his testimony, seems to have been that defendant was willing, and even anxious, to release the second mortgage for $3,000, and permit a mortgage of $6,000 to become a prior lien on the premises covered thereby, as well as make the loan without any charge therefor, in order to enable plaintiff to pay, out of the proceeds of the new loan, the three notes which he owed defendant's bank. It was for the jury to determine what the agreement or understanding was. Reasonable men have some reason for their acts. Why would defendant permit a $6,000 first mortgage instead of a $3,800 first mortgage to become a lien prior to his second mortgage for $3,000? Why would defendant permit impairment of the security covered by the $3,000 mortgage, and perform all the services in procuring and negotiating the new $6,000 loan, all without compensation? These questions, as suggested by defendant's counsel, must have presented themselves to the jury. If defendant's bank held unsecured notes against the defendant aggregating $638.25, the payment of such claims might constitute the inducement which caused defendant to do so. If, on the other hand, such claims or the major portion thereof

were amply secured, the payment of such notes would doubtless furnish less inducement. Under the evidence as submitted to the jury, it would be justified in believing that the defendant's bank held unsecured notes against the plaintiff, aggregating $638.25. This would be incorrect because, as already stated, the $430 note was amply secured by chattel security. In this case the evidence was evenly balanced, as the principal witnesses were the plaintiff and defendant, and we cannot say that the verdict might not have been substantially different if the chattel mortgage had been admitted in evidence.

The judgment must therefore be reversed, and the cause is remanded for further proceedings. It is so ordered.