[File No. 6949]

FLORENCE MYERS, Respondent, v. HAGERT CONSTRUC-
TION COMPANY, a Corporation, and Butler Construction
Company, a Corporation, Hagert Construction Company
a Corporation, Appellant.

(23 NW2d 29)

436

Opinion filed May 18, 1946

*Conmy & Conmy,* for appellant.
*Day, Lundberg & Stokes,* for respondent.

BURKE, J.  In her complaint in this action plaintiff alleged that she suffered injuries in a collision between an automobile,

in which she was a passenger, and a truck driven by defendant's employee, that her injuries were proximately caused by the negligence of defendant's employee and she demanded judgment for damages, in the total sum of $5,823.56. In its answer the defendant denied that its employee had been negligent and alleged that plaintiff's injuries, if any, were caused "by her own negligence and the negligence of third parties, and that her own negligence contributed proximately thereto." The case was tried in the District Court of Grand Forks County. At the close of plaintiff's case defendant moved for a dismissal of the action and after both sides had rested, for a directed verdict. These motions were denied and the case was submitted to the jury who returned a verdict in favor of the plaintiff in the sum of $3,600.00. This appeal is from the judgment which was entered upon that verdict.

Altogether there are fourteen specifications of error. We shall consider them in the order in which they are presented.

Specifications one and two, relate to the admission in evidence of testimony as to statements made by defendant's employee, Herman Hanna, immediately following the accident. Immediately prior to the accident, Herman Hanna was driving a gravel truck, owned by the defendant, south bound on highway 81 about five or six miles south of Manvel. The car in which plaintiff was riding which was driven by her husband, had been following this gravel truck at a distance of about 100 feet all the way from Manvel. Both cars were traveling at 40 or 45 miles per hour. Both plaintiff and her husband noticed that something appeared to be wrong with one of the rear wheels of the gravel truck and that it weaved on the road. Another gravel truck approached from the south. This northbound truck slowed down and stopped. Immediately behind the northbound truck was a northbound passenger car driven by the witness Swiggum. He testified that he was going to pass the stopped truck but that he saw the truck coming from the north and waited for it to pass. Behind this truck was a passenger car. After both vehicles had passed he pulled out to pass the truck that was still standing just ahead of him. As he

was passing it he heard a crash. He parked his car and ran back as quickly as possible. The two southbound vehicles had collided. The truck was in the ditch, the car in the middle of the road. He estimated that he reached the spot where the collision occurred about one minute after he heard the crash. Over objection he was permitted to testify that at that time Herman Hanna in response to a question, "how did it happen" had stated he stopped because the driver of the northbound truck had signaled him and he (Hanna) hadn't signaled he was going to stop. If the admission of the testimony that Hanna said he hadn't signaled he was going to stop was error, it was clearly prejudicial. The statement was in direct conflict with Hanna's testimony which was offered later in the case and it had a direct bearing upon the question of Hanna's alleged negligence.

The question of the competency of such testimony was carefully and fully considered by this court in Short v. Northern P. Elevator Co. 1 ND 159, 45 NW 706, and in Balding v. Andrews, 12 ND 267, 96 NW 305. In the former case it was said: (p 163)

"It is elementary that a principal in a transaction may, by his admissions or confessions made at any time, either before or after the event, render himself liable for the legal consequences of his acts, both in civil and criminal cases; but the legal liability of a principal for the acts of an agent cannot be fixed by the declarations or statements of the agent except in certain well defined classes of cases. 'It must be remembered,' says Greenleaf, 'that the admission of an agent cannot always be assimilated to the admissions of the principal. The party's own admissions, whenever made, may be given in evidence against him; but the admission or declaration of his agent binds him only when it is made, during the continuance of the agency, in regard to the transaction then pending, et dum fervit opus. It is because it is a verbal act, and part of the res gestae, that it is admissible at all, and therefore it is not necessary to call the agent to prove it.' "

In the latter case this court said: (p. 271)

"To be received in evidence, such declarations must appear to

have been voluntarily and spontaneously made under the immediate influence of the principal transaction, and be so connected with it as to characterize or explain it, and made under such circumstances as to exclude the possibility of design to misstate the facts."

Applying the tests above set forth we have concluded that testimony as to the admission of defendant's employee was properly received in evidence as a part of the res gestae. Clearly the admission tended to explain the principal transaction which was the collision. It was made within a minute or two after the collision while Hanna, Swiggum and plaintiff's husband were gathered at the wrecked passenger car. At the time the plaintiff appeared to be unconscious and was bleeding profusely from numerous cuts. We cannot conceive but that Hanna was deeply moved by what he saw and that he was under the immediate influence of that emotion at the time the statement was made. The fact that the statement was made in response to a question does not destroy its voluntary or spontaneous character where the other circumstances in the case exclude any reasonable probability of calculation or design. As to the admissibility of statements made under similar circumstances see Blashfield Cyclopedia of Automobile Law and Practice, Perm. ed § 6252 and cases cited.

Specification three concerns testimony given by plaintiff's husband, Donald Myers. Referring to defendant's truck, plaintiff's counsel asked him, "How suddenly did it stop?" The question was objected to upon the ground that it called for a conclusion of the witness. The objection was overruled and the witness answered, "It gave no indication of stopping until it just stopped, I would say very suddenly." The question may have been leading and the first part of the answer may not have been responsive, but we do not consider the answer a conclusion. The witness saw whether the truck stopped suddenly or not and when he said it stopped very suddenly it was a statement of fact which was properly admitted in evidence.

By specification four, appellant asserts that is was error for the court to admit in evidence a picture of the wrecked passen-

ger car upon the ground that it was not relevant in an action for personal injuries only. Donald Myers had testified that when plaintiff's truck stopped, he had tried to avoid hitting it by turning to the left but that the right front of his car struck the left rear of the truck. The picture of the car was relevant to corroborate Myers' account of the manner in which the collision occurred.

In specification five appellant predicates error upon the allowance of an amendment to plaintiff's complaint. Originally the complaint had alleged that plaintiff's injuries "consisted of seriously cut tendons in the right forearm, two broken teeth in addition to various cuts and bruises, which injuries are permanent in their nature." During the course of the trial plaintiff asked leave to amend this part of the complaint to include broken bones in the description of plaintiff's injuries. The amendment was allowed over the objection of the defendant and as amended the complaint alleged that plaintiff's injuries "consisted of seriously cut tendons in the right forearm, broken bones which were set and reset and two broken teeth in addition to various cuts and bruises; which injuries are permanent in their nature."

Trial courts are vested with a broad judicial discretion in the allowance of amendments to pleadings and it is firmly established that an appellate court will not interfere with the action of the trial court in such matters except in cases of a clear abuse of discretion. Webb v. Wegley, 19 ND 606, 610, 125 NW 562, see also Martin v. Luger Furniture Co. 8 ND 220, 77 NW 1003; Kurtz v. Paulson, 33 ND 400, 157 NW 305. The controlling consideration is whether the allowance of the amendment was "in furtherance of justice." Section 28-0737, Rev Code 1943; Kurtz v. Paulson (ND) supra.

During the course of the argument upon the motion to amend, it appeared that in a former action upon the same cause, which action was subsequently dismissed, the defendant while represented by the same attorneys had exercised its privilege, under a proper order of the court, of having the plaintiff examined by its own doctor. In opposition to the motion defendant's

counsel did not claim surprise nor ask for a continuance in order to prepare to meet the new issues, if any, allowed by the amendment. In the circumstances there was clearly no abuse of discretion by the trial court in allowing the amendment.

Specifications seven and eight deal with alleged variances between the pleading and the proof. In describing plaintiff's injuries Dr. Grinnell had testified: "The wrist had been dislocated so the bone showed. There was a fracture of the lower end of the radius on the thumb side; bone fractures with dislocation of the wrist, and also a T shaped fracture of the elbow." Also in answer to a question as to whether plaintiff's injuries would be permanent he had stated: "That is very likely to be the case because in these severe injuries we find a certain amount—in many cases—of what we call traumatic arthritis." After this testimony had been received, defendant's counsel moved "that the answer heretofore given with reference to possible traumatic arthritis be stricken upon the ground that it is not pleaded in the pleadings; . . . that the testimony with reference to the dislocation of the wrist be stricken as improper and not admissible under the pleadings." The general rule is that "where an injury is alleged, a recovery may be had for the natural and probable consequences thereof, although such consequences are not set up in detail. 17 CJ 1007, 25 CJS 760. The complaint in this case alleged, that plaintiff's injuries among other things consisted of broken bones which were set and reset, which injuries are permanent in their nature. Neither the dislocation of the wrist nor the traumatic arthritis were injuries independent of those alleged. As to the dislocation of the wrist it was but a natural and probable result of the fracture of the bones of the wrist and the allegation that the bones had to be set is a clear intimation that there had been bone dislocation. As to the traumatic arthritis the witness testified that it directly resulted from the injuries alleged. This testimony was called for and tended to support the general allegation of the permanency of plaintiff's injuries. It is clear therefore that the motion to strike was properly denied.

Specifications nine, ten and eleven are abandoned.

Specification twelve relates to a statement made by counsel for the plaintiff in his argument to the jury. In this connection the record shows the following:

Mr. Conmy: "I further take exception to that portion of counsel's argument as being improper and prejudicial wherein counsel stated that 'Conmy wanted you' referring to the jury, 'to promise that you would do justice to a bloodless corporation.' I ask counsel at this time if he concedes that he made such a statement as that to the jury in his argument?"

Mr. Day: "I think I made some such statement as that. I don't know just the words."

Mr. Conmy: "I take exception to that statement as being imflammatory, prejudicial and improper, and ask the court to advise the jury it is improper and prejudicial, or in lieu thereof to declare a new trial."

Mr. Day: "I want the record to show those remarks of counsel were made at the close of my remarks in the presence of the jury, but that they were in response to remarks that counsel for the defense himself made in his own argument."

Mr. Conmy: "And that is denied, that is, that they were made in response to remarks made by me."

The Court: "Members of the Jury, in considering the testimony in this case, you will bear in mind that statements made by attorneys are not evidence, and if any of these remarks made by counsel were improper, or if they used any language that was a little too strong, which it probaby was, you will not consider the same in arriving at your verdict. I think if you will bear in mind the rule that statements of counsel are not evidence, and not consider any statements so made as testimony, you will have no trouble in arriving at a just verdict."

Out of its context, it is impossible to say whether the remark, "Conmy wanted you to promise that you would do justice to a bloodless corporation," was prejudicial or not. The statement was clearly a prelude to other remarks and its effect would depend largely upon the nature of these remarks. In any event, in view of the admonition of the court and the size of the verdict we are satisfied there was no prejudicial error in the inci-

dent. Lund v. Upham, 17 ND 210, 116 NW 88; Lee v. St. Anthony & D. Elevator Co. 33 ND 567, 157 NW 689.

Specification thirteen assigns error upon the refusal of the trial court to give defendant's requested instruction number four. The requested instruction was as follows:

"If you find from the evidence in this case that the plaintiff knew that the car in which she was riding was being driven at an excessive rate of speed, or that such speed was dangerous under the circumstances existing, or that the driver of the car did not have proper control thereof, or was not keeping a vigilant lookout ahead, and if you further find that plaintiff made no protest and that she knew of these conditions, and if you further find that the driver of the automobile, through his negligence contributed to cause the accident concerned, and that otherwise the accident would not have occurred, then and in that event the plaintiff, Florence Myers, would not be entitled to recover and your verdict should be for the defendants."

The only testimony given by the plaintiff in regard to the accident and the only evidence in the record touching the matter of a protest is as follows:

Q. "Did you hear your husband testify yesterday?"

A. "Yes."

Q. "And hear him testify as to how far behind the truck he was following and so forth?"

A. "Yes."

Q. "And do you agree in substance with what he said with regard to the happening of the accident?"

A. "You mean how far we were driving behind there?"

Q. "Yes."

A. "Well yes, I thought we were farther behind than that."

Q. "Farther than 100 feet behind?"

A. "Yes."

Q. "And did you at any time protest to him with regard to the manner in which he was driving?"

A. "No. I did not."

Q. "Did he at any time sound any warning horn to the car or truck in front of him?"

A. "There wasn't any occasion. We were far enough behind, and we were not going to pass."

Q. "But immediately prior to the accident he did not sound any warning horn?"

A. "The only thing I remember is when the truck stopped suddenly, and all I remember is the crash. I don't remember anything else about it."

In this examination no reference whatever is made to speed, proper control of the car, or vigilant lookout. It contains no intimation of negligence upon the part of the driver except failure to maintain a proper interval between his car and the truck ahead of him and failure to sound a warning signal.

The proposed instruction was therefore not applicable to the evidence in the case and it was not error to refuse it. Foster v. Dwire, 51 ND 581, 199 NW 1017, 51 ALR 21; Pease v. Magill, 17 ND 166, 115 NW 260; Bolen v. Dolph, 62 ND 700, 245 NW 259.

The trial court did instruct generally upon the question of contributory negligence and no exception was taken to the instructions which were given.

Finally appellant assigns error upon the refusal of the trial court to give requested instruction number five. The request was as follows:

"You are instructed that it is the duty of the driver of an automobile, in the exercise of due care, to see or know, from having before seen, that the road is clear or apparently clear and safe for travelling a sufficient distance ahead to make it apparently safe to advance at the speed employed, and if you find from the evidence in this case that the driver of the car in which the plaintiff was riding drove at such speed that he was unable to bring the vehicle he was driving to a stop within the distance ahead that he could see the road was clear, or apparently clear, for travel and that this proximately caused the accident concerned, then and in that event the plaintiff is not entitled to recover and your verdict should be for the defendants."

The court did instruct the jury as follows:

"You are instructed that we have in this state a law regulating traffic upon the public highways and streets, which in part, insofar as this case is concerned, reads as follows:

'The driver of a motor vehicle shall not follow another vehicle more closely than is reasonably prudent, having due regard to the speed of such vehicles and the traffic upon and condition of the highway. . . .'

The law of this state further provides that anyone violating any of the provisions of the law regulating traffic on the highways in this state, is prima facie guilty of negligence; . . . You are instructed that if you find from the evidence in this case that the driver of the car in which plaintiff was riding was negligent, and that his negligence proximately caused the accident in question, then I charge you that plaintiff cannot recover in this action, and your verdict must be for the defendant."

. The requested charge would have been appropriate in a case where the evidence showed a collision between a vehicle and an obstruction in or upon the highway. Here the collision was between two vehicles, one of which had been following the other for a distance of several miles, the collision occurring when the leading vehicle suddenly stopped. Clearly the instruction given was more appropriate than the one requested and was sufficient to clarify the issues for the jury. A refusal of a requested instruction is not error where the charge given fully and fairly covers the issues referred to in the proposed instruction. Daeley Bros. v. Minneapolis & N. Elevator Co. 4 ND 269, 60 NW 59; Collard v. Fried, 41 ND 242, 170 NW 525; Bagg v. Ottertail Power Co. 70 ND 704, 297 NW 774.

Since we find no error in the case the judgment of the District Court is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURR and MORRIS JJ., concur.