Gordon STARR, Plaintiff and Appellee,

v.

Alfred MORSETTE, Jr., and Geneva Morsette, Defendants and Appellants.

Civ. No. 9135.

Supreme Court of North Dakota.

Nov. 21, 1975.

Freed, Dynes, Malloy & Reichert, Dickinson, for plaintiff and appellee; argued by George T. Dynes, Dickinson.

Judith A. Atkinson, Thomas K. Schoppert and John O. Holm, North Dakota Legal Services, Inc., New Town, for defendants and appellants; argued by John O. Holm.

VOGEL, Judge.

The defendants, Alfred Morsette, Jr., and Geneva Morsette, appeal from the judgment against them and from the order denying their motion for judgment notwithstanding the verdict or for a new trial. They ask for review of the denial of their motion for directed verdict at the end of the plaintiff Starr's case and at the end of the entire case, pursuant to Section 28–27–29.1, N.D.C.C.

We affirm.

The action arose out of an automobile accident. On August 26, 1972, Geneva Seaboy, who later became, and is hereafter named as, Mrs. Morsette, was driving a pickup truck with the plaintiff Starr and her husband-to-be as passengers. An accident occurred in which no other vehicle was involved. The pickup was overturned. The cause of the accident is disputed.

The chief thrust of the appellants' argument is that the court erred in denying their motion for a directed verdict at the end of the plaintiff's case. To a lesser extent, they allege error in the denial of the motion for a directed verdict at the end of the entire case. They claim to have been entitled to a directed verdict for three reasons: (1) that the court erred in admitting out-of-court statements of Geneva Morsette, as testified to by the sheriff and Linda Perhus, who came upon the scene shortly after the accident; (2) that there was no evidence of negligent conduct by Geneva Morsette; and (3) that any out-of-court statements made by Geneva Morsette were not admissible against Alfred Morsette, Jr., and that the motion therefore should have been granted as to him.

We are faced at the outset by the fact that only a partial transcript and an even more limited appendix were brought up to this court.

Rule 10, North Dakota Rules of Appellate Procedure, provides, in part, at 10(b):

"If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion."

As will appear, we have serious doubts that the record before us includes all the evidence relevant to the finding that Geneva Morsette was negligent. The appellants have the burden of showing error in the lower court. Unless the entire record on a question raised by the appellants is presented to us, the appellants have not borne the burden of proof of showing error.

## I

## ADMISSIBILITY OF STATEMENTS BY DRIVER

Linda Perhus was the first person to come upon the scene of the accident. She believed she arrived a minute or two after the accident occurred. She testified that Starr was inside the overturned vehicle when she arrived, and Geneva and Alfred Morsette were standing beside it. She went "right up to" the two of them and Mrs. Morsette told her that she had been driving down the road and Morsette grabbed the wheel, causing the pickup to go into the ditch and overturn. She pointed to Alfred Morsette as she said this. The witness did not recall whether Mr. Morsette said anything in response. Linda Perhus left before the sheriff and the ambulance arrived.

Starr gave no testimony as to the facts of the accident, since he suffered from retrograde amnesia.

Sheriff Dardis testified that he asked Alfred Morsette and Geneva Seaboy who the driver was and she spoke up and said, "He jerked the wheel away from me," as she pointed to Alfred Morsette. He testified that Mr. Morsette made no comment

that he could remember, and that Geneva and Alfred were "right together" when he arrived, "a matter of feet from each other" and "in the same vicinity" and "in the presence of each other" when the statement was made.

The Morsettes argue that the statements of Geneva, as testified to by Mrs. Perhus and Sheriff Dardis, were hearsay and inadmissible as substantive evidence.

They cite the following cases in support of their position that the declarations of Geneva at the scene were inadmissible as to her: *Leake v. Hagert*, 175 N.W.2d 675 (N.D.1970); *Grand Forks B. & D. Co. v. Implement Dealers Mutual Fire Insurance Co.*, 75 N.D. 618, 31 N.W.2d 495 (1948). It is to be noted that the declarations held inadmissible in both of those cases were declarations of nonparties (and thus irrelevant to the issue in this case, which involves admissions by parties).

The Morsettes urge that the hearsay rule set forth in the *Leake* case should be applied to exclude such statements. They argue that the hearsay rule prohibits use of a person's assertion as equivalent to testimony of the fact asserted unless the declarant is brought into court to testify on the witness stand, where he may be probed and cross-examined as to grounds of his assertion and his qualifications to make it.

Such reliance on *Leake* is inappropriate in the case of admissions by parties-opponent. The declarant Mrs. Morsette could be put on the stand, but who would cross-examine her? Her own counsel? The opposing counsel was seeking to have the statements admitted. As Morgan put it, "A party can hardly object that he had no opportunity to cross-examine himself or that he is unworthy of credence save when speaking under sanction of oath." Morgan, Basic Problems of Evidence 266 (1962), quoted in McCormick on Evidence, 2d Ed., § 262, p. 629.

The appellants had the full opportunity, had they desired, to put Mrs. Morsette on the stand to explain or refute her state-

ments. This counsel chose not to do. Counsel cannot now complain that the statements lack trustworthiness or credibility due to lack of cross-examination.

When we consider statements made by parties to the lawsuit, in the nature of admissions, we find that they are generally held admissible, either on the theory that although they are hearsay they are inconsistent with a party's present position and the right to cross-examination is not necessary [4 Wigmore, Evidence, § 1048 (Chadbourn rev. 1972); *Milton v. United States,* 71 App.D.C. 394, 110 F.2d 556, 560 (1940)], or that they are simply nonhearsay [McCormick on Evidence, 2d Ed., § 262, p. 629; *United States v. Matlock,* 415 U.S. 164, 172, 94 S.Ct. 988, 993–994, 39 L.Ed.2d 242, 250 (1974)].

■ Under the new Federal Rules of Evidence for United States Courts and Magistrates, effective July 1, 1975, for the Federal courts and under consideration by a joint committee of this court and the State Bar Association of North Dakota for adoption in this State, a declaration of the type in question would be admissible either as a nonhearsay statement of a party under Rule 801(d)(2)(A), or as an exception to the hearsay rule as "a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter," under Rule 803(1), or as "a statement relating to a startling event or condition made while the declarant was under the stress of ex-

citement caused by the event or condition" under Rule 803(2).[1] Under Rule 803, no distinction is made between parties and nonparties.

We hold that the declarations were admissible under either theory.

■ In so holding, we are cognizant of the fact that the declarant, Geneva Morsette, was absent during the first day of the trial, when the testimony as to the declarations was received. Under Federal Rules 801 and 803, her presence was immaterial.

■ [We make no point of the fact that her absence was voluntary. A party to a civil action has no duty to attend the trial, and if the testimony of a party is desired by the opposing party, attendance must be obtained by subpoena, stipulation, or order, or the testimony by deposition. *Bauer v. Bauer,* 177 Mich. 169, 142 N.W. 1074 (1913); *Aircraft Radio Industries v. M. V. Palmer, Inc.,* 45 Wash.2d 737, 277 P.2d 737 (1954).]

■ The Morsettes asserted in argument that a statement of a witness cannot be admitted as part of the res gestae (presumably the excited utterance variety) if made in response to a question. We held otherwise in *Myers v. Hagert Construction Co.,* 74 N.D. 435, 23 N.W.2d 29, 31 (1946), and we adhere to that holding.

■ It is likewise immaterial that the declarations of Geneva Morsette tended to exculpate her and implicate her codefendant. ". . . most admissions are actually against interest when made, but there is

1. These exceptions cover, in part, what we, along with most courts, have called the "res gestae" exception to the hearsay rule. See *Dimond v. Kling,* 221 N.W.2d 86, 92–93 (N.D.1974), and *Trautman v. New Rockford-Fessenden Co-op. Tr. Assn.,* 181 N.W.2d 754 (N.D.1970); *Myers v. Hagert Construction Co.,* 74 N.D. 435, 23 N.W.2d 29 (1946). The term "res gestae" has become somewhat discredited. In 1931, Sir Frederick Pollock called it "the damnable pretended doctrine of *res gestae,*" and wished that some high authority would "prick that bubble of verbiage" [*Holmes-Pollock Letters,* 2d Ed. (Cambridge: The Belknap Press of Harvard University Press, (1961), II, p. 284]. McCormick (§ 288) divides it into five categories,

one of which is not hearsay at all and four of which are exceptions to the hearsay rule, and he quotes Morgan ["A Suggested Classification of Utterances Admissible as Res Gestae," 31 Yale L.J. 229 (1922)] as to "the marvelous capacity of a Latin phrase to serve as a substitute for reasoning." We note that the Federal Rules of Evidence no longer use the expression, and we agree that it should be jettisoned. The concepts properly included within it, of course, will remain, under their more accurate descriptions such as "declarations of present bodily condition," "present mental states," "excited utterances," and "declarations of present sense impressions."

no such requirement"; and declarations of a party are admissible even though they were self-serving when made. McCormick on Evidence, § 262, p. 630; *State v. Anderson*, 10 Or. 448, 452 (1882).

To say that the admission must have been adverse to the interest of the declarant when made is to confuse admissions with declarations against interest, an entirely different exception to the hearsay rule. McCormick (§§ 262 and 276).

■■■■ The Morsettes further argue that the declarations by Geneva Morsette were inadmissible as to her because she was not given an opportunity to affirm or deny that she had made them. In making this objection the Morsettes attempt to inject into the rule as to admissions an element of the rule as to impeachment by prior inconsistent statements.[2] There is no requirement of an opportunity to affirm or deny before admissions by a party-declarant can be received in evidence.

". . . it is clear today that admissions of a party come in as substantive evidence of the facts admitted, and that no foundation or predicate, by examining the party himself, such as may be required for impeaching evidence, is prerequisite for proof of admissions." McCormick on Evidence, 2d Ed., § 262, pp. 629–630.

## II

## SUFFICIENCY OF EVIDENCE OF NEGLIGENCE OF DRIVER

The Morsettes argue that the admissions of Geneva Morsette, even if generally admissible, provide no proof of any negligence on her part, since they place the entire fault on Alfred Morsette, who seized the wheel while she was driving.

As we have indicated earlier, there is a serious question as to whether all the evidence as to the negligence of the Morsettes has been presented to us in the limited transcript provided. Our doubt arises from reference in the transcript, during oral argument of a motion, to testimony to the effect that a medical history provided to a doctor by Starr or another doctor indicated that a tire on the vehicle blew out and the accident was caused thereby, and to further testimony by the Morsettes to the effect that Geneva Morsette's attention while driving was distracted by Starr's drumming his fingers on the dashboard. We could, but do not, decide this point against the Morsettes on the simple ground that they have failed to prove error, in that they have not presented the full transcript as to negligence and contributory negligence, as required by Rule 10(b), N.D.R.App.P.

The Morsettes claim that the subsequent evidence as to the distraction of the driver came during their presentation of the defense, after the first motion for directed verdict was made, and that it therefore is irrelevant so far as the first motion is concerned. For reasons to be shown later, this contention is incorrect.

■■■ Even if we assume to be correct the Morsettes' contention that the only evidence of negligence consisted of the admissions made by Geneva Morsette to the effect that Alfred Morsette seized the wheel,

---

**2.** The rule requiring a predicate for impeachment by prior inconsistent statements, sometimes called the rule in *Queen Caroline's Case*, is gradually disappearing. See McCormick, § 37; 3 Weinstein, Evidence, p. 613–3 (1975). As we have stated, it does not apply to admissions by parties. As to other witnesses, the requirement has been eliminated in many recent revisions of the rules of evidence. The new Federal Rules of Evidence eliminate the requirement of prior opportunity to explain or deny. Instead, they provide that the witness must have the opportunity at some time to explain or deny, but that the judge may dispense with the requirement if the interests of justice require. Rule 613(b). They also provide that the witness need not be shown a contradictory statement, but it must be shown or disclosed to his counsel on request. Rule 613(a). We believe these rules represent the best available reconciliation of conflicting interests, and we specifically approve them.

there was no error. True, the trial court could have granted a directed verdict at this point, but instead the court followed the better practice and denied the motion. It is a better practice to let the case go to a jury verdict because the trial court may then consider postverdict motions on the basis of a complete record, and any appellate court is in a position to reinstate or affirm or modify the verdict, if it disagrees with the trial court's disposition, and another trial may thus be avoided. See 5A Moore's Federal Practice, § 50.05[3].

The Morsettes are in error when they argue that they are entitled to have the evidence examined as of the end of the plaintiff's case and are entitled to a reversal if we find the evidence then insufficient. The trial court, if it does not grant the motion, may either reserve judgment on the motion for directed verdict until the end of the case or deny the motion. In either case, if the moving party chooses to introduce evidence thereafter, the introduction of such evidence constitutes a waiver of the objection to the sufficiency of the evidence, and the motion at the end of the plaintiff's case cannot serve as a basis for attacking the sufficiency of the evidence in the appellate court. See 5A Moore's Federal Practice, § 50.05[1]; *Wealden Corporation v. Schwey*, 482 F.2d 550, 551 (5th Cir. 1973); *O'Malley v. Cover*, 221 F.2d 156, 158 (8th Cir. 1955); *Auto Transport, Inc. v. Potter*, 197 F.2d 907, 908 (8th Cir. 1952).

Thereafter, if the moving party renews his motion at the end of the entire case, the trial court is obligated to examine the evidence as it stands at that point and make a decision accordingly. But, in the meantime, it may happen that the evidence offered by the moving party fills in the voids of his adversary's case. Something of the sort may very well have happened here.

Whether it did or not, we cannot be sure because of the abbreviated record before us. But the references by the Morsettes' own attorney to a theory that the accident was caused by the blowout of a tire, and to testimony that the plaintiff distracted Geneva Morsette by drumming his fingers on the dashboard of the car and thereby diverting her attention from the road, clearly raise questions of negligence and contributory negligence for the jury and would preclude the granting of a motion for directed verdict at any stage of the proceedings. *Sheets v. Pendergrast*, 106 N.W.2d 1, 6 (N.D.1960).

For these reasons, we find the second claim of error to be without merit.

### III

### ADMISSIBILITY OF ADMISSIONS OF DRIVER AGAINST CODEFENDANT

The admissibility of the declarations by Geneva Morsette against Alfred Morsette is attacked under the hearsay rule. But again we are dealing with parties, not third-party witnesses, and again we are dealing with admissions. As is stated in McCormick on Evidence, Section 270, pages 651–652,

"If a statement is made by another person in the presence of a party to the action, containing assertions of facts which, if untrue, the party would under all the circumstances naturally be expected to deny, his failure to speak has traditionally been receivable against him as an admission."

Section 801(d)(2)(B), Federal Rules of Evidence, provides that a statement is not hearsay if it is offered against a party and is a statement of which he has manifested his adoption or belief in its truth. Such manifestation may be shown by failure to deny where denial is called for. See Advisory Committee's Note to Rule 801(d)(2)(B), Federal Rules of Evidence for United States Courts and Magistrates, p. 100 (West, 1975); *Southers v. Savage*, 191 Cal. App.2d 100, 12 Cal.Rptr. 470 (Dist.Ct.App. 1961); 4 Weinstein, Evidence, pp. 801–120 to 801–126 (1975). See also Annot., 70 A.L. R.2d 1099 (1960), concerning the doctrine of admissions by silence.

▮▮ Of course, the trial court must satisfy itself that the facts are such that the person who is asserted to have adopted the admission actually heard and understood the statement and had an opportunity and the ability to reply. These are preliminary questions within the discretion of the trial court. *Southers v. Savage, supra; Weinstein, supra,* p. 801–120.

> "The decision in each case calls for an evaluation in terms of probable human behavior." Advisory Committee's Note to Rule 801(d)(2)(B), *supra.*

We hold that the trial court's discretion was not abused in the case before us.

▮▮ We have held that the declaration of Geneva Morsette was admissible against her. We now hold that the silence of the codefendant Alfred Morsette, when the statement was twice made in his presence by her that he had seized the wheel and had directed the car into the ditch, constituted conduct adopting the statement as his own in the absence of a denial of it, and that the trial court was within its discretion in admitting into evidence as against Alfred Morsette the declaration of Geneva Morsette that he had grabbed the wheel.

We find no error.

The judgment is affirmed.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.