[File No. 6575.]

O. V. ANDERSON, Respondent, v. A. C. ANDERSON, Appellant.

(285 N. W. 294.)

230

Opinion filed April 4, 1939.

*Nestos & Herigstad (Sullivan, Fleck & Sullivan,* of counsel), for appellant.

*Ben A. Johnson,* for respondent.

BURR, J. The plaintiff and defendant are father and son. March 5, 1936, the defendant, the son, invited his father and another to drive with him as his guests on the highway from Minot to Stanley in a car owned and driven by the son. On this trip there was an accident in which the plaintiff suffered injuries. The father sued the son, charging that the accident was caused and the injuries sustained because of the gross negligence of the son.

At the close of the plaintiff's case the defendant moved for the dismissal of the action, which motion being denied, was renewed at the close of the entire case and again denied.

The jury returned a verdict for the plaintiff and the defendant moved for judgment notwithstanding the verdict or for a new trial, basing his motion on the ground of the insufficiency of the evidence to justify the verdict, irregularities in the proceedings of the jury, and excessive damages appearing to have been given under the influence of passion and prejudice.

This motion was denied and defendant appeals, specifying as error the action of the court in denying his motion for dismissal of the action at the close of the case and denying his motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, and that:

"The court erred in refusing to give the following instructions to the jury as requested by the defendant:

"I charge you that the protest of the automobile guest, if any, shown in this case is no evidence of negligence or wantonness on the part of the driver."

Owing to the disposition made of this case, it will not be necessary to

refer to the alleged irregularity on the part of the jury nor to the question of passion and prejudice. Even if the matters alleged could be heard and determined now, there is no probability that like incidents would occur on a new trial.

As the plaintiff was riding as a guest, he had no right of recovery against the defendant unless the injuries he sustained proximately resulted "from the intoxication, wilful misconduct, or gross negligence" of the defendant, and the burden is "upon the plaintiff to establish that such . . . gross negligence was the proximate cause of such . . . injury or damage."

The term "gross negligence" is not only defined by statute, but it has also been explained and applied by this court in numerous cases. As pointed out in Rubbelke v. Jacobsen, 66 N. D. 720, 722, 268 N. W. 675, 676, " ' "Gross negligence" is, to all intents and purposes, no care at all. It is the omission of the care which even the most inattentive and thoughtless seldom fail to take of their own concerns. It evinces a reckless temperament. It is a lack of care which is practically wilful in its nature.' "

In Jacobs v. Nelson, 67 N. D. 27, 268 N. W. 873, we show that: "Despite the statutory division of negligence into degrees, the care that will in a given case relieve a party from the imputation of gross negligence, or what omission of duty will amount to gross negligence is primarily a question of fact and does not become a question of law unless it is clear that but one conclusion can be drawn from the undisputed facts. If the undisputed facts are of such a nature that reasonable minds may differ as to whether the omission amounted to gross negligence or ordinary negligence, the question of the degree becomes a question for the jury."

The charge of gross negligence is based upon two primary facts—the icy condition of the highway at the time and place of the accident, and known to the defendant, and his manner of driving, particularly with reference to speed.

Defendant urges that there is no evidence whatever of gross negligence, that it was error to submit this matter to the jury, and with the absence of gross negligence there is no ground for recovery.

The evidence as to gross negligence is extremely slight; but we are not prepared to say it was error to submit the matter to the jury. The

jury could have found that if any negligence existed, it did not exceed ordinary negligence. Because of this feature, the failure of the court to charge as requested becomes a matter of serious import.

There is nothing to indicate the defendant was indifferent to the safety of his father. The defendant was sitting in the front seat driving. The father, with his wife, was in the back seat, and the three were the occupants of the car. The plaintiff places considerable stress upon the fact that while they were traveling upon the road at a rate of speed shown by the plaintiff to have been in excess of fifty miles an hour and up to sixty miles, and just prior to the accident, he called to the son and told him he was driving too fast. The son, failing to get the import of the remark, turned his face toward his father and asked him what he said. The father repeated the statement and the son testified he replied: "I didn't think I was driving too fast, but I would try to slow down." The protest of the guest as to the speed was quite well emphasized to the jury. The plaintiff testified as to his protest, as did his wife, and plaintiff cross-examined the defendant on the same point.

Defendant requested the court to charge the jury as follows: "I charge you that the protest of the automobile guest, if any, shown in this case is no evidence of negligence or wantonness on the part of the driver." The court refused to give this charge and gave no charge of similar import.

The guest did not control the car and, therefore, as a general rule the driver ". . . is not required, at his peril, to comply with demand of guest passenger to lessen speed. . . ." Mogill v. Resnick, 263 Mich. 103, 248 N. W. 562. Hence, the failure of the driver to comply with this request of his guest does not show wilfulness or wantonness on the part of the driver, nor is it any proof in itself of negligence. See Schlacter v. Harbin, 273 Mich. 465, 263 N. W. 431.

The request for instruction was therefore a correct statement of the law and it was applicable in this case. Thus, it becomes important to determine whether the refusal to give it constituted reversible error.

Plaintiff rests his entire case upon gross negligence. There is no charge of intoxication or wilful misconduct, but even with reference to wilful misconduct failure to slacken speed at the request of the guest is no proof of any such motive or act. In Pawlicki v. Faulkerson, 285

Mich. 141, 280 N. W. 141, the court was considering a case where the plaintiff was required to prove gross negligence in order to warrant recovery and says with reference to the guest statute, ". . . the term gross negligence as used in this statute being synonymous with wilful and wanton misconduct. . . . The refusal of defendant to comply with the requests of one of the passengers to reduce the rate of speed under the indicated conditions is not of itself sufficient to satisfy the requirements of the statute. . . . Defendant's conduct, although exhibiting facts sufficient to charge him with guilt of ordinary negligence, does not entitle plaintiff to recovery as a gratuitous guest passenger." See also Walker v. Bacon, 132 Cal. App. 625, 23 P. (2d) 520.

A protest on speed may be dictated by the nervous condition of the guest, the human frailty of desire to interfere, and even from the unconscious assumption of authority by the father over a son whom he can scarcely regard as having grown to manhood and therefore he still, almost unconsciously, seeks to exercise parental control. Respondent's brief indicates plaintiff considered the protest was proof of wilfulness or carelessness. He says: "Had he (the appellant) been using care the father would not have talked to him." Proof of protest by guest would be helpful in determining the question of contributory negligence, but is no proof of negligence on the part of the driver.

When we consider the closeness of this case, the relationship between the parties to the action and the apparent disregard of the protest of the guest, we determine that the refusal to give the requested instruction was prejudicial error.

The order denying the new trial is reversed.

NUESSLE, Ch. J., and CHRISTIANSON, and MORRIS, JJ., concur.

BURKE, J., not having been a member of court at time of submission of cause, did not participate.