THOMAS W. SINGLES, APPELLEE, V. UNION PACIFIC RAILROAD COMPANY, A CORPORATION, APPELLANT, IMPLEADED WITH RAILWAY EXPRESS AGENCY, INC., A CORPORATION, APPELLEE.

119 N. W. 2d 680

Filed February 15, 1963. No. 35325.

Crossman, Barton & Norris, for appellant.

Wear, Boland, Mullin & Walsh, McCormack & McCormack, and A. Lee Bloomingdale, for appellee Singles.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BROWER, J.

This is an action for personal injuries brought by the plaintiff and appellee Thomas W. Singles against the defendant and appellant Union Pacific Railroad Company, a corporation, in the district court for Douglas County, Nebraska. The Railway Express Agency, Inc., a corporation, was also made a defendant by reason of its right of subrogation because of payments to plaintiff under the Workmen's Compensation Act.

Thomas W. Singles will be designated herein as plaintiff and Union Pacific Railroad Company, a corporation,

as defendant, as they appeared in district court, and the Railway Express Agency, Inc., a corporation, will be referred to as the Express Agency.

Defendant in its second amended answer admitted that its employees were negligent in operating its switch engine on the occasion in its yards at Omaha, Nebraska, but denied the nature and extent of the plaintiff's alleged damages and injuries.

A trial to a jury resulted in a verdict and judgment for the plaintiff in the sum of $124,765. From an order overruling its motion for new trial the defendant has brought the matter to this court on appeal.

Plaintiff was injured while employed by the Express Agency when he attempted to step from a platform truck into an express car to assist in its being unloaded. As he did so defendant's switch crew negligently pushed another car into the express car causing plaintiff's foot to be caught between the platform truck and the express car, which car rested on the truck after the collision. Plaintiff's injuries were severe, resulting in the amputation of his foot and thereafter of a portion of his leg, other operations, and in long and extensive treatments.

This case was previously before this court in Singles v. Union P. R. R. Co., 173 Neb. 91, 112 N. W. 2d 752. We reversed the judgment and remanded the cause for new trial because of errors in the instructions of the trial court. In our previous opinion the injuries to the plaintiff, as well as the circumstances occasioning them, are more fully set forth and need not be further elaborated here.

The defendant assigns error to the trial court in refusing to give instruction No. 3 tendered by the defendant and in giving instruction No. 9 on its own motion; also that the court erred in overruling defendant's objections to a question asked plaintiff on his redirect examination in regard to pension benefits received by him and thereafter sustaining plaintiff's objections to

defendant's questions asked the plaintiff concerning this pension and its offer of proof in connection therewith; and erred in refusing to admit in evidence defendant's proffered exhibits Nos. 23 and 24. Instruction No. 3 tendered by the defendant reads as follows: "You are instructed that if you find from the evidence that the plaintiff will suffer pain and suffering in the future, any award for such future pain and suffering, must be reduced to its present worth or cash value as adequate allowance must be made for the earning power of money. In this connection you are entitled to consider the plaintiff's age and his probable life expectancy at the time of the trial."

It is apparent from the argument in defendant's brief with respect to this tendered instruction No. 3 and instruction No. 9, given by the court, that its objection is that the court failed to instruct the jury that it was entitled to consider the plaintiff's age and probable life expectancy in its determination of any future pain and suffering. It also contends that when the trial court received in evidence the tables of expectancy for a man 70 years of age, which was the plaintiff's age at the time of trial, it should have instructed the jury as to their possible application to the case at hand and that future pain and suffering was to be computed from the time of trial instead of the date of the injury. Instruction No. 9 first sets out the admissions of the defendant as to its negligence and states plaintiff is entitled to recover a verdict for the full amount of damages which the evidence shows with reasonable certainty plaintiff has sustained from the accident and no contention of error is directed to it. The remaining portion of this instruction which is objected to is as follows: "You are the sole judges of the amount of damages to which the plaintiff is entitled in this case. It is for you to assess the amount of the plaintiff's damages at such sum as will fairly and reasonably compensate him for any and all injury, pain, and suffering and loss which

the evidence shows with reasonable certainty proximately to have been caused by the admitted negligence of the defendant Union Pacific Railroad Company.

"You should consider what the evidence may show to be the pain and suffering, if any, so caused and the nature and extent of the same, and the impairment of the capacity, if any, of the plaintiff to earn money in the future, and the reasonable value of the time lost by the plaintiff, if any. You should also consider what the evidence may show with reference to any future pain and suffering, and if you find that the plaintiff will, with reasonable certainty, suffer pain and suffering in the future, you should evaluate such future pain and suffering and assess such an amount as will fairly and reasonably compensate him for such pain and suffering, reduced to its present worth."

Instructions to a jury should be considered as a whole and if they fairly submit the case that is all the law requires. Bryant v. Greene, 166 Neb. 520, 89 N. W. 2d 579. We should therefore consider the other instructions which are related to the question presented to us. Instruction No. 11 reads as follows: "You are instruction (sic) that in an action for damages for personal injuries, if such injuries are found to be permanent, tables of life expectancy and work-life expectancy are competent as bearing upon and tending to prove the expectancy of life and the expectancy of work-life, but are not conclusive. They are to be received and considered by the jury as any other evidence and subject to the same rules as to their weight and sufficiency as other testimony. They should be considered together with all other facts and circumstances bearing on the expected life expectancy and work-life expectancy of the plaintiff." Instruction No. 5 sets out the different elements of damages that the jury might find the plaintiff suffered from the evidence as follows: "Before the plaintiff can recover in this case the burden is upon him to prove by a preponderance of the evidence one or

more of the following: 1—The nature and extent of the injuries sustained by the plaintiff in said accident; 2— that plaintiff has suffered pain from said injuries; 3—that plaintiff will in the future suffer pain from said injuries; 4—that plaintiff has sustained loss of earnings in the past by reason of said injuries; 5—that plaintiff has sustained an impairment of his earning capacity in the future by reason of said injuries; 6—the monetary loss which plaintiff has sustained." Instruction No. 12 deals with lessening of earning capacity of the plaintiff separately and the method of computing diminished earning capacity in the future. It does not mention future pain and suffering. Instruction No. 13 sets out the method of determining the present worth of any award for future damages and gives an example of the application. It refers to any award for future damage without mentioning either future pain and suffering or future loss of earning power in particular. No objection is given to any of the instructions of the court except instruction No. 9.

In considering these instructions as hitherto set out it seems quite clear that pain and suffering that occurred in the past and any which might occur in the future are treated separately. In the court's instruction No. 5, the two elements of damage are separately numbered and treated. In its instruction No. 9, the first paragraph set out herein speaks of pain and suffering which the evidence shows with reasonable certainty *to have been caused.* (Emphasis supplied.) In the second paragraph it speaks first in regard to pain and suffering generally and in the last portion sets forth that if the jury finds the evidence may show with reasonable certainty pain and suffering in the future, it should evaluate it and assess such amount as will fairly and reasonably compensate the plaintiff therefor, *reduced to its present worth.* (Emphasis supplied.) We find the instructions as a whole separate the past and future element of damages to be assessed. Instruction No. 13 properly gives

the method of determining the present worth of any future damage involved and gives an example to follow and no objection is made to it. Under the circumstances, considering the instructions as a whole, the jury would certainly relate future pain and suffering to that which might occur after the trial. That is the plain meaning of the word "future." Also the jury was instructed on how to compute any damages which might occur in the future. The defendant tendered instruction No. 3, which though it properly states the law was not necessary in view of those given by the court. The plaintiff's age was in evidence. The tables of life expectancy for those 70 years of age and those 66 years were before the jury. These were the plaintiff's age at trial and on the occasion of the accident, respectively. We find no error in the instructions.

The next assignments of error relate to the reception over objection of testimony of the plaintiff on redirect examination by his counsel with respect to the pension plaintiff received from the express company and the trial court's ruling in excluding questions directed to the plaintiff by defendant's counsel on recross-examination immediately thereafter concerning the same matter. The evidence objected to, both as to the admission and exclusion, is contained in one portion of the bill of exceptions and we will set it out at this point herein: "Q. And you were either the second man or the third oldest man in the employ of the Railway Express Agency here; is that right? A. Yes, sir. Q. I asked if you received a pension. How much pension did you get from the Railway Express Agency? MR. BARTON: I object to that, Your Honor, as not material. THE COURT: It is overruled. A. What was the question? (Question read by the reporter) Q. (By Mr. Boland) How much pension do you get from the Railway Express Agency? A. I get $7.55 a month. MR. BOLAND: That is all. RECROSS-EXAMINATION. By MR. BARTON: Q. Now, Mr. Singles, you

don't want the jury to believe that that is your whole pension? MR. BOLAND: Now, Your Honor, I object to that for the reason that the inquiry is limited entirely to the Railway Express Agency. That was his question on cross-examination and my question on redirect examination, so any further inquiry is immaterial. THE COURT: Objection sustained. MR. BARTON: Comes now the defendant and offers to show that the plaintiff is currently receiving a pension in the amount of $184 per month. MR. BOLAND: We object to the offer for the reason that it doesn't reflect the facts and for the reason that counsel refers to benefits under the Railroad Retirement Act which is a matter to which the plaintiff contributes; and that, therefore, any inquiry in that regard for any benefits which are collateral, are received from a collateral source, are immaterial. THE COURT: Objection sustained."

Both the plaintiff and defendant cite many cases where courts of last resort have held that the introduction of evidence in a personal injury damage suit by a defendant as to a plaintiff receiving a pension is immaterial and inadmissible. They include a case from this court, being Harper v. Young, 139 Neb. 624, 298 N. W. 342. The briefs of both parties however state that the question is novel where such evidence is introduced on behalf of the injured plaintiff and no cases are cited construing the precise point before us. The defendant contends the admission in evidence of a very small and inadequate pension was prejudicial in that it indicated the plaintiff, long an employee of the express agency, had been in effect thrown into the street to exist on a niggardly pension. It asserts the introduction of such evidence could only be for the purpose of inciting the sympathy of the jury in the financial plight of the plaintiff; that particularly this is true where the court would not allow cross-examination as to the real amount received. The plaintiff, on the other hand, insists that the defendant usually offers such evidence in such cases in

the hope that the jury may reduce the verdict because of the existence of other income. He argues such testimony tends to mitigate the damage and claims in this case the introduction of evidence of even a small outside income would redound to the defendant's advantage in that the jury might give the defendant the benefit thereof. Plaintiff further contends that it was necessary that he be interrogated as to the receipt of the pension and the amount thereof in order to explain the questions previously asked on cross-examination by defendant's counsel. An examination of the previous cross-examination of the plaintiff reveals no questions whatever about his receiving a pension. The plaintiff on direct examination testified as to his working for the express agency for many years and as to his inability to do any work after the injury. He was thereafter on cross-examination asked if he had not been retired because of his age and not because of injury, and if he had not so testified under oath. These questions were asked and answered without objection and it would appear they were asked to explain the reason for his not working. We do not believe they may be said to be of a nature that would permit the plaintiff on redirect examination to give evidence of his pension and the amount thereof. Neither are we impressed by the argument of the plaintiff that this evidence would redound to defendant's benefit before a jury. The trifling nature of the amount received would have little effect on a jury in computing damages when compared with the sympathy it might elicit because of his apparent straightened financial plight. We think the case before us is somewhat analogous to the case of Taulborg v. Andresen, 119 Neb. 273, 228 N. W. 528, 67 A. L. R. 642. There this court considered the effect of allowing a defendant to testify in an action for personal injuries received in an automobile accident that he had no insurance. There this court laid down the following rules: "In an action for damages by reason of alleged negligence of another,

evidence as to the financial standing of the parties is inadmissible.

"Where a plaintiff in a personal injury action makes no attempt to show that the defendant is indemnified from loss by an insurance company, it is not proper for the defendant to offer testimony showing that he is not indemnified by insurance."

In automobile personal injury cases it was hitherto generally the plaintiff who tried to show that the defendant had insurance. In the cited case the defendant attempted to prove he had no insurance undoubtedly with intent to incite sympathy at his financial predicament. The parties are reversed in the case before us but the principle is the same. In the present case we hold that where the defendant in a personal injury case makes no attempt to show the plaintiff is receiving a pension, it is not proper for the plaintiff to offer testimony showing he received a small and inadequate one.

Plaintiff contends that if the reception of this evidence was erroneous it was not prejudicial and should not be grounds for a reversal. In the case before us the defendant had admitted liability. The only issue before the jury was the amount of damages sustained by the plaintiff who had a severe injury as to which the plaintiff and his doctors testified at length. There was no occasion for the introduction of immaterial evidence which would only result in inciting the sympathy of the jury.

The verdict and judgment recovered were very substantial.

In State v. County of Cheyenne, 157 Neb. 533, 60 N. W. 2d 593, this court said: "If it does not appear from the record that evidence wrongfully admitted in the trial of a jury case did not affect the result of the trial unfavorably to the party against whom it was received its reception must be considered prejudicial error."

Defendant claims the result was particularly prejudicial because of the denial by the trial court to allow it

to question the plaintiff on recross-examination in regard to the actual pension received by him. There is substantial authority to the effect that after one has succeeded in introducing immaterial and incompetent evidence on a subject the opposing party may cross-examine concerning it. See 98 C. J. S., Witnesses, § 378, p. 138, and 70 C. J., Witnesses, § 810, p. 642, where a considerable number of cases are cited. However, as this case must be retried because of the admission of this evidence by the plaintiff in the first instance, it is unnecessary for us to pass on that question.

Exhibit No. 23, sought to be admitted by defendant, was an unsigned copy of a letter, dated August 6, 1959, directed to the plaintiff from J. B. Freeman, head of the insurance bureau of the express company, whose name is printed thereon by typewriter, in which it states that plaintiff had been awarded an annuity by the Railroad Retirement Board of $176.20 per month; and that under the express company's plan he was entitled to $183.75, less the annuity under the retirement act, leaving him entitled to $7.55 a month.

Exhibit No. 24 was a copy of a letter to the general manager and six superintendents stating that the employees on an attached list were to be retired on becoming 65 years of age and the defendant's name, T. W. Singles, was listed thereon.

Both of these exhibits were excluded by the trial court and defendant contends their exclusion was erroneous. The copies were identified by the general agent who testified as to their being regularly kept in the files in his office at Omaha to which copies were sent in the regular course of business. They were sought to be admitted under the Uniform Business Records as Evidence Act, sections 25-12,108 to 25-12,111, R. R. S. 1943. As far as exhibit No. 23 is concerned it disclosed the true pension that the plaintiff received. The question of whether this exhibit was admissible at the trial in the district court is not necessary for us to decide.

Exhibit No. 24 relates to the plaintiff being retired because of age. He had admitted this previously on cross-examination. Under the circumstances, it was not necessary again to re-emphasize the retirement by introducing further evidence. Whether or not exhibits Nos. 23 and 24 were admissible as a record kept as provided under the Uniform Business Records as Evidence Act, sections 25-12,108 to 25-12,111, R. R. S. 1943, is not decided.

A retrial of this action appears necessary and at a subsequent trial all questions in regard to a pension received by the plaintiff must be excluded.

Because of a prejudicial error in receiving testimony of the plaintiff, this case must be and is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

SIMMONS, C. J., not participating.