Irene WYSOSKI, Plaintiff and Appellant,

v.

Wilmer COLLETTE, Defendant and
Respondent.

No. 8012.

Supreme Court of North Dakota.

March 12, 1964.

Lyche, Lyche & Camrud, Grand Forks, for plaintiff and appellant.

Dale H. Jensen, Asst. Atty. Gen., Bismarck, for Unsatisfied Judgment Fund.

Dahl, Dahl & Greenagel, Grafton, for defendant and respondent.

STRUTZ, Judge (On reassignment).

This is an appeal from an order of the district court discharging a judgment in favor of the plaintiff against the defendant from record. The facts are undisputed.

The plaintiff was injured while riding as a guest in a motor vehicle operated by the defendant. She sued the defendant for damages, alleging gross negligence, and after a trial recovered judgment against the defendant for $8,567.35. Thereafter, being unable to collect such judgment from the defendant, the plaintiff applied for payment thereof to the Unsatisfied Judgment Fund of the State of North Dakota, and assigned her judgment against the defendant to the State Treasurer for the use and benefit of the Unsatisfied Judgment Fund as provided for by Chapter 39–17, North Dakota Century Code.

Thereafter, the defendant filed a petition in bankruptcy, listing the plaintiff's judgment as' one of his obligations. After being discharged in bankruptcy, he made a motion in the district court of Grand Forks County for an order discharging the plaintiff's judgment against him of record, which motion was granted. From the order granting the defendant's motion to discharge the judgment, the plaintiff and her assignee, the Unsatisfied Judgment Fund of the State

of North Dakota, have appealed to this court.

Only one question is presented on this appeal: Can a judgment against a defendant, based on gross negligence of such defendant, which judgment has been assigned to the Treasurer of the State of North Dakota for the use and benefit of the Unsatisfied Judgment Fund, be discharged in bankruptcy?

Under the Federal Bankruptcy Act, any debt, demand, or claim is provable in bankruptcy. 11 U.S.C.A. § 1, Subsec. 11.

Certain debts, however, are not affected by a discharge in bankruptcy. Among such debts are liabilities for willful and malicious injuries to the person or property of another. 11 U.S.C.A. § 35, sub. (a) (2).

Our law provides for cancellation of judgments against bankrupts. Section 28–20–30, North Dakota Century Code, provides that any person who has been discharged from his debts, pursuant to the Act of the Congress of the United States, may file in the office of the clerk of any court of record in which a judgment has been rendered, or a transcript of judgment filed against him, a certified copy of his discharge in bankruptcy, and make application to the judge of such court for discharge of such judgment from the record. If it shall appear that the applicant has been discharged from payment of such judgment, the court may order the discharge of such judgment of record and the clerk of such court shall thereupon enter satisfaction of such judgment upon his records.

This court heretofore has held that, in any proceeding by one who has received his discharge in bankruptcy, to have a judgment against him discharged from the record, the court will consider the entire record made in the action in which the judgment was entered, including evidence presented at the trial of such action, if the verdict and judgment do not determine whether the injury was willful and malicious. The burden of proof to show that

the injury was willful and malicious is upon the plaintiff who seeks to prevent a discharge of such judgment from the record. Campbell v. Norgart, 73 N.D. 297, 13 N.W. 2d 260; Siewert v. Norgart, 73 N.D. 307, 14 N.W.2d 265.

In the case before us, the defendant applied to the district court of Grand Forks County for discharge of the judgment which the plaintiff had recovered against him. He proved a discharge in bankruptcy and sought to have the judgment discharged from the records of the clerk of the district court of Grand Forks County. The burden of proving that the injuries for which the judgment was recovered were willful and malicious therefore would be upon the plaintiff. Whether such judgment was properly ordered discharged will depend upon whether the plaintiff has sustained that burden.

We have examined the complaint of the plaintiff and the record of the evidence taken in the trial of the action in which the judgment was recovered by the plaintiff. The plaintiff did not allege in her complaint that the defendant's actions resulting in her injuries were willful and malicious. She alleged only gross negligence on the part of the defendant. Nor has the plaintiff pointed out to us any evidence taken at the trial which would indicate that the defendant's actions were willful and malicious. In fact, the district court, at the trial of the action, specifically instructed the jury:

"There is no evidence of * * * wilful misconduct on the part of the defendant, Wilmer Collette, in this case, so the question for your determination is whether or not the accident and plaintiff's injuries were proximately caused by the 'gross negligence' of the defendant."

The judge then proceeded to instruct the jury on the definition of "gross negligence," and said:

"* * * it is something less than such wilful, wanton or reckless disregard of probable consequences, as is equivalent to a wilful or an intentional wrong."

This court heretofore has defined the term "gross negligence" as being no care at all, or the omission of such care which even the most inattentive and thoughtless seldom fail to make their concern, evincing a reckless temperament and lack of care, practically willful in its nature. Rubbelke v. Jacobsen, 66 N.D. 720, 268 N.W. 675; Anderson v. Anderson, 69 N.D. 229, 285 N.W. 294; Froh v. Hein, 76 N.D. 701, 39 N.W.2d 11; Norgart v. Hoselton, 77 N.D. 1, 39 N.W.2d 427; Rokusek v. Bertsch, 78 N.D. 420, 50 N.W.2d 657; Rettler v. Ebreck (N.D.), 71 N.W.2d 759.

Thus "gross negligence" is "practically willful," but it is not "willful" negligence as a matter of law. The burden of showing that the defendant's actions were, in fact, willful is on the plaintiff. Here, the plaintiff has failed to point out to us any evidence which would prove that the defendant's conduct resulting in the plaintiff's injuries was, in fact, willful and malicious. In fact, the court specifically instructed the jury that the evidence in the case was such that there was no showing of "wilful misconduct on the part of the defendant, Wilmer Collette." The burden being on the plaintiff to prove that her injuries were the result of willful and malicious misconduct on the part of the defendant, and the plaintiff having failed in that proof, the order of the trial court must be affirmed and the judgment against the defendant ordered discharged of record.

MORRIS, C. J., and BURKE and TEIGEN, JJ., concur.

ERICKSTAD, J., not being a member of the Court at the time of submission of this case, did not participate.