Barbara C. HOLCOMB, Plaintiff and Appellant,

v.

William R. STRIEBEL, Defendant and Respondent.

LaMoure Besse and William R. Striebel, Defendants.

No. 8130.

Supreme Court of North Dakota.

Feb. 24, 1965.

Lanier, Knox & Shermoen, Fargo, and J. O. Thorson, McClusky, for appellant.

Nilles, Oehlert & Nilles, Fargo, for respondent.

JANSONIUS, District Judge.

This is an action brought by plaintiff for damages for personal injuries incurred in an automobile accident in which she was riding as a guest. The provisions of the guest statute, Chapter 39–15 NDCC, are involved but limited by the pleadings to a claim of willful misconduct and gross negligence on the part of the defendant, William R. Striebel.

The case was tried to the court without a jury. As a result of the trial judgment was entered dismissing plaintiff's action. Plaintiff has appealed from the judgment and demanded a trial anew in this court.

Plaintiff and defendant were students at North Dakota State University at the time of the accident. Plaintiff was the social chairman of her sorority which was to hold its formal spring party on the evening of May 19, 1961. The plan called for a formal dance early in the evening and a picnic following the dance. The plaintiff had a date with the defendant, William R. Striebel. They were accompanied by another couple to the dance and later to the picnic. All expenses for the party were paid by the girls of the sorority. Following the formal dinner and dance the girls and boys went to their respective dormitories to change clothes and then left for the picnic. They stayed together throughout the evening leaving the picnic at about 3:30 o'clock a. m., the other couple in the front seat with the man driving. Plaintiff and defendant were in the back seat. The driving was criticized as they were proceeding down the road and upon arriving at Highway 81, the car stopped and the defendant announced that he was going to drive. He got into the front seat and drove from that point on, three people being in the front seat and the plaintiff in the rear. Plaintiff almost immediately fell asleep. Approximately three miles down the highway the car ran into a concrete abutment on which there was a lighted sign reading "Do Not Enter Left Lane." Plaintiff does not remember the impact and has stated that in her opinion the defendant was not intoxicated. The weather was clear, the headlights were on and visibility was good. Plaintiff sustained very severe injuries.

The investigating officer testified that he received a call reporting the accident at 4:03 a. m. and proceeded directly to the scene. The officer identified the scene from various exhibits all of which show the concrete divider in the middle of the highway. He recalled that the flashing light on the top of the "Do Not Enter Left Lane" sign was still flashing after the accident, and he testified that there were no tire or skid marks anywhere approaching the point of impact. He testified that the concrete base holding

the sign which was struck by the car was ripped out as depicted in the exhibits and that the concrete base in which it was set was about 25 or 30 feet long and about three feet wide; that it had been moved northward an inch or more. He further testified that there was no evidence that brakes had ever been applied.

Since this is a guest case the provisions of Section 39-15-03 NDCC apply and plaintiff may not recover unless her injuries were proximately caused "by intoxication, gross negligence or willful misconduct" of the defendant.

In her complaint plaintiff alleges generally that her injuries were proximately caused by the willful misconduct and gross negligence of the defendant. There is no issue of intoxication in the case. No specific acts of negligence are alleged.

Plaintiff had the burden of establishing by a fair preponderance of the evidence that her injuries were proximately caused as alleged. Anderson v. Anderson, 69 N.D. 229, 285 N.W. 294. Gross negligence within the automobile guest statute is no care at all, or the omission of the care which even the most inattentive and thoughtless seldom fail to make their own concern, evincing a reckless temperament and lack of care which is practically willful in its nature. Anderson v. Anderson, supra. The term gross as applied to the negligence of a motorist in an action brought by an automobile guest has reference to the mental attitude of the motorist in regard to the consequences which he should have foreseen and implies such gross recklessness as shows indifference to the consequences. Jacobs v. Nelson, 67 N.D. 27, 268 N.W. 873.

Plaintiff contends that she did sustain the burden of proof of showing gross negligence or willful misconduct. She urges that gross negligence or willful misconduct may reasonably be inferred from the accident itself, from the established circumstances in which it happened and from the evidence of the damage which was done to the car and the abutment with which the car collided. Her case thus depends entirely upon circumstantial evidence. Where proof of an issue of fact depends upon circumstantial evidence "The circumstances must, * * * agree with and support the hypothesis which they are adduced to prove; but circumstantial evidence is not sufficient to establish a conclusion where the circumstances are merely consistent with such conclusion, or where the circumstances give equal support to inconsistent conclusions, or are equally consistent with contradictory hypotheses." 32A C.J.S. Evidence § 1039, p. 755.

Plaintiff argues that the reasonable inferences from the facts are that defendant failed to keep a proper lookout or that he was driving at an excessive rate of speed and lost control of the car. That may be so, but failure to keep a proper lookout or excessive speed do not of themselves constitute gross negligence. As heretofore defined gross negligence requires an indifference to the consequences of an act of negligence.

Inadvertence is not gross negligence. Norgart v. Hoselton, 77 N.D. 1, 39 N.W.2d 427; Rettler v. Ebreck (ND) 71 N.W.2d 759. Neither is involuntary dozing gross negligence. Nasser v. Kalush, 298 Mich. 133, 298 N.W. 480; Krueger v. Krueger, 197 Wis. 588, 222 N.W. 784; De Shetler v. Kordt, 43 Ohio App. 236, 183 N.E. 85; Kaplan v. Kaplan, 213 Iowa 646, 239 N.W. 682. In Boos v. Sauer, et al., 266 Mich. 230, 253 N.W. 278, 279, it was said:

"* * * To constitute gross negligence in falling asleep while driving there must have been such prior warning of the likelihood of sleep that continuing to drive constitutes reckless disregard of consequences."

Upon this appeal we are not called upon to pass upon the sufficiency of the evidence to sustain the verdict of a jury. The case is here for trial anew.

Upon our review of the record it is our judgment that, of the possible inferences that may be drawn from the evidence, the more reasonable and probable inference is that the accident and the resulting injuries were proximately caused by an act of ordinary negligence, such as inadvertence or involuntary dozing, rather than by a voluntary act by defendant in conscious disregard of the safety of his companions. It follows that plaintiff did not sustain the burden of proving gross negligence and that the judgment of the district court was therefore correct.

The judgment is therefore affirmed.

BURKE, C. J., and TEIGEN and STRUTZ, JJ., concur.

ERICKSTAD, J., deeming himself disqualified, did not participate, CLIFFORD JANSONIUS, one of the judges of the Fourth Judicial District, sitting in his stead.

KNUDSON, J., not having been a member of the Court at the time of the submission of this case, did not participate.