Doris THORNBURG, Plaintiff
and Respondent,

v.

Lyle PERLEBERG, Defendant
and Appellant.

No. 8378.

Supreme Court of North Dakota.

April 15, 1968.

**190**

Lanier, Knox & Shermoen, Fargo, and William L. Paulson, Valley City, for plaintiff and respondent.

Mackenzie & Jungroth, Jamestown, for defendant and appellant.

STRUTZ, Judge.

The plaintiff brings this action for damages arising out of a motor-vehicle accident. It is conceded that, at the time of the accident, the plaintiff was riding as a passenger in the automobile driven by the defendant, and was a guest within the provisions of Chapter 39–15, North Dakota Century Code. The issues in the case are limited to plaintiff's claim that her injuries were proximately caused by the gross negligence of the defendant.

The jury returned a verdict for the plaintiff. After the return of such verdict, the defendant moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. This motion was denied. The defendant thereupon took this appeal from the judgment entered on the verdict and from the order denying his motion for judgment notwithstanding the verdict or for a new trial.

On the night of the accident, the plaintiff, a seventeen-year-old junior in Sanborn High School, went with some friends to a dance in Courtenay. While at the dance, she met the defendant, a Jamestown radio announcer, who was selling tickets at the door. She had met the defendant on at least one previous occasion. At the close of the evening, he asked to take her home and she consented. The injuries for which this action was brought were suffered in a one-car accident on Interstate No. 94 while the defendant was taking the plaintiff home. As a result of such accident, the plaintiff suffered a broken jaw, facial cuts, lacerations, damage to her teeth, and a fractured collarbone.

In support of his appeal, defendant has served a number of specifications of error, raising insufficiency of the evidence and predicating error on rulings of the court in admission of evidence and in instructions to the jury.

The plaintiff may recover only if she establishes gross negligence of the defendant as the proximate cause of the accident resulting in her injuries. We have held that gross negligence is no care at all or is the omission of such care which even the most inattentive and thoughtless seldom fail to make their concern, evincing a reckless temperament and lack of care practically willful in its nature. Rubbelke v. Jacobsen, 66 N.D. 720, 268 N.W. 675; Norgart v. Hoselton, 77 N.D. 1, 39 N.W.2d 427; Holcomb v. Striebel (N.D.), 133 N.W.2d 435.

The question of gross negligence ordinarily is a question of fact for the jury, and becomes a question of law for the court only where the evidence is such that reasonable minds can draw but one conclusion therefrom. Grenz v. Werre (N.D.), 129 N.W.2d 681. While the defendant contends that the evidence is insufficient to support the verdict in this case, we have examined the record and cannot say that reasonable minds could draw but one conclusion therefrom. We cannot say that the evidence is insufficient to support the verdict.

The next specification of error which we will consider is that the court erred when it failed to grant a mistrial when counsel for the plaintiff asked the following question on cross-examination of the defendant:

"Q. As a matter of fact, Mr. Perleberg, you have a constant record of accidents and traffic violations, do you not?"

This question clearly was improper, and the trial court properly sustained the defendant's objection thereto. The general rule is that the commission of an act cannot be proved by showing the commission of similar acts by the same person at other times. 29 Am.Jur.2d Evidence, Sec. 298, p. 342. Thus evidence of reputation for care or lack of care or of proneness to accident is inadmissible on the issue of negligence.

The purpose of the question obviously was to prejudice the jury, and it was improper. The trial court sustained the defendant's objection. The court also, in its charge, advised the members of the jury that any questions or answers which had been stricken from the record were not in evidence and should not be considered by the jurors in any manner in arriving at their verdict. The court thus did everything it could to avoid any adverse effect of the plaintiff's improper question.

Under these circumstances, was it error to deny the motion for mistrial? A motion for mistrial should be granted only if the interests of justice require it. This court has held that declaring a mistrial is an extreme remedy, to be resorted to only when there is a fundamental defect in the proceedings of a trial or when something has happened during the trial which makes it evident that further proceedings would be productive of manifest injustice. Hoffer v. Burd, 78 N.D. 278, 49 N.W.2d 282. We do not believe that the asking of this improper question was so prejudicial, in the light of the trial court's subsequent instructions, that it required the granting of the motion for mistrial.

We next will consider the defendant's specification that the trial court erred when it refused to give the following requested instruction:

"Temporary dozing is not gross negligence, in the absence of a prior warning of the likelihood of sleep."

The above language was approved by this court in the case of Holcomb v. Striebel (N.D.), 133 N.W.2d 435. The record discloses that the trial court gave the following instruction:

"In order to constitute gross negligence in falling asleep while driving there must have been such prior warning of the likelihood of sleep that continuing to drive constitutes reckless disregard of consequences."

This court repeatedly has held that the refusal to give a requested instruction is not error where the charge as given fully and fairly covers the issues referred to in the requested instruction. Myers v. Hagert Construction Co., 74 N.D. 435, 23 N.W.2d 29; Peterson v. Bober, 79 N.D. 300, 56 N.W.2d 331; Haugen v. Mid-State Aviation, Inc. (N.D.), 144 N.W.2d 692; Bartholomay v. St. Thomas Lumber Co. (N.D.), 148 N.W. 2d 278.

We believe that the instruction given by the court fully and fairly covers the issue of continuing to drive after warning of the likelihood of sleep, and that there was no prejudicial error in the court's refusal to give the defendant's requested instruction.

We now consider the defendant's contention that it was error for the trial court to permit the dentist who testified for the plaintiff to testify as to the possibility of the plaintiff's losing more teeth in the future as a result of the injuries which she received in the accident. On cross-examination, the dentist had stated that it was his opinion that the nerves of the plaintiff's injured teeth would not die and that the plaintiff would not lose more teeth. On redirect, he was asked if there was a "possibility" that some of these nerves might die later, and, over the defendant's objection, he was permitted to state that there was a possibility that this might occur. However, on further cross-examination, the witness was asked:

"Doctor, in this case it is your opinion, is it not, within the realm of reasonable medical probability or certainty that these nerves and these teeth in question will not die, is that correct?"

The witness answered:

"That is correct."

 A medical witness should be permitted to testify only to reasonable medical probabilities or reasonable medical certainties. Vaux v. Hamilton (N.D.), 103 N.W. 2d 291. However, any possible error which might have occurred in permitting the witness to state that there was a "possibility" that the plaintiff might lose more teeth as a result of the injury was cured by the witness's positive testimony, given on recross-examination, that in this case it was his opinion, based upon reasonable medical probability and certainty, that this would not occur. We find no reversible error here.

We now will consider the contention of the defendant that it was error to permit the plaintiff's expert witness to use a colored picture in testifying, which picture was not of plaintiff's injuries but was of injuries suffered by someone other than the plaintiff. The plaintiff argues that this picture was used only for illustrative purposes to show procedures used by the dentist in treating the plaintiff's injuries. The dentist stated that the picture used by him in testifying was of a case that was similar to the plaintiff's case. He said:

"A. Yes, I have a picture showing this but it is not of this particular case; it is quite similar."

The witness then was permitted to testify as to procedures used in treating the plaintiff's fractures, by using this picture of such similar injury. The picture, however, was not offered in evidence, and the defendant objected to its use when not in evidence. Defendant's objection was overruled.

The picture never was offered in evidence by the plaintiff. After the witness had testified as to the procedures which he followed in treating the injuries of the plaintiff, using such picture for illustrative purposes, defendant moved that the evidence regarding the picture be stricken from the record on the ground that the testimony concerned something which was not in evidence. This motion was denied.

 Generally, a picture stands on the same footing as a diagram or a map, and if it is relevant to describe a thing in the case, as was done here by showing the jury how the fracture was wired, such picture is admissible for the limited purpose of explain-

ing the testimony of the doctor and for the purpose of assisting the jury in understanding such testimony. 32 C.J.S. Evidence § 709, p. 986. In this case, however, the picture was not offered in evidence by the plaintiff. Thus we have a situation where the dentist's testimony is based upon a picture but we do not have the picture as part of the record in this case. We do have the statement by the witness that the injury shown by the picture is "similar" to that of the injuries suffered by the plaintiff. However, we are not able to say on this appeal whether such picture should have been excluded because it might unduly emphasize the plaintiff's claim, or whether it was such a picture that would arouse sympathy or prejudice the jury. Since the picture was not offered in evidence and is not before us, we are unable to determine whether it explained or illustrated the witness's testimony or whether it exaggerated it.

■ Where a proper foundation is laid by the witness's testifying that a picture portraying the same conditions which he found in the plaintiff's case, it should be admitted in evidence for illustrative purposes even though it does not portray the plaintiff's own injuries. It is the facts and conditions which the picture portrays which are important. Where the witness testifies that the picture correctly portrays the facts and conditions of the plaintiff's case, it is admissible as demonstrative evidence and then becomes a part of the testimony of the witness. McCormick on Evidence, Demonstrative Evidence, Sec. 181, p. 387.

■ While it was error to permit the witness to refer to such picture in his testimony before a proper foundation had been laid for its use, we believe this was error without prejudice. The only objection made by defendant was to the use of a picture of injuries other than those of the plaintiff. He does not contend that the picture portrays injuries which were more aggravated or which were different from those suffered by the plaintiff or that the picture was such that it would arouse the

sympathy or prejudice of the jury. Although it was improper to permit the witness to use a picture not in evidence in testifying, the error was without prejudice, for reasons stated.

We next will consider the defendant's specification of error that the trial court erred in allowing the plaintiff to testify that she had not had certain dental work done before trial because she could not afford to have it done. The record discloses that after the plaintiff—at the request of her counsel—had displayed the condition of her mouth to the jury, she was asked:

"Q. Tell me this, Doris: why haven't you already had that work done in your mouth?"

The defendant objected to the question on the ground that it was irrelevant, self-serving, and prejudicial. The court, however, overruled the objection, and the plaintiff then was asked:

"Q. Why haven't you done it?"

To which question she answered:

"A. I can't afford it."

The defendant thereupon moved for a mistrial, contending that the question and the answer made it impossible for him to secure a fair trial, and further contending that the plaintiff knew the question to be improper. The court overruled the motion for a mistrial.

■■ The question propounded by the plaintiff's counsel which was objected to by the defendant was improper and prejudicial. The evidence discloses that the plaintiff's injuries had been healed about eight weeks after the accident and that the case was not tried until approximately eighteen months after the accident. Thus, for some sixteen months after the work on plaintiff's mouth could have been performed, it had not been completed. Under these circumstances, plaintiff's counsel asked the plaintiff why it had not been done. He must have known what her answer would be. Whether he

knew or didn't know, the answer which plaintiff gave was improper and prejudicial. The court did nothing, either at that time or in the instructions to the jury, to try to correct the error which it had committed. While courts have allowed evidence as to medical treatment for the purpose of establishing the extent of the plaintiff's injuries, it has always been held to be prejudicial error to admit evidence of the poverty of the plaintiff in personal-injury actions. There are many, many cases from all jurisdictions holding this type of evidence to be prejudicial error, and the admission of evidence of poverty of the plaintiff or wealth of the defendant never is allowed in an action for compensatory damages. Oakes v. Baker, 85 Cal.App.2d 168, 192 P.2d 460; Wiest v. Twin City Motor Bus Company, 236 Minn. 225, 52 N.W.2d 442; Suzore v. Rutherford, 35 Tenn.App. 678, 251 S.W.2d 129; Wilmoth v. Limestone Products Co. (Tex.Civ. App.1963), 255 S.W.2d 532; Love v. Wolf, 226 Cal.App.2d 378, 38 Cal.Rptr. 183; Hedge v. Midwest Contractors Equipment Co., 53 Ill.App.2d 365, 202 N.E.2d 869; Pyles v. St. Louis Public Service Co. (Mo. 1963), 372 S.W.2d 114; Singles v. Union Pacific Railroad Co., 174 Neb. 816, 119 N. W.2d 680.

In fact, it has been held that evidence of the poverty of the plaintiff is not admissible for any purpose and may not be received even to show the mental condition which he claims to have suffered due to alleged financial inability to make a living. Washington-Virginia Ry. Co. v. Deahl (1919), 126 Va. 141, 100 S.E. 840. And it has been held that even though the plaintiff's injuries compelled his wife to go to work to pay family bills, such evidence is not admissible in an action for compensatory damages for personal injuries. Peterson v. Thomas, 105 Conn. 625, 136 A. 687.

In line with the general rule, this court has held that it is error to inquire as to the financial condition of either party in an action in which only compensatory damages may be awarded. In the case of Emery v.

Midwest Motor Express, 79 N.D. 27, 54 N. W.2d 817, this court held that in an action for compensatory damages for personal injuries resulting from the negligence of the defendant, where there is no basis for allowing exemplary or punitive damages, it is error to permit, over timely objection, evidence as to the financial condition of the parties. While the plaintiff in this case was not asked directly what her financial condition was, she was asked to disclose that condition by testifying that she could not afford to have corrective work done on her mouth. The fact that she could not afford to pay for dental work was wholly immaterial to any of the issues in this lawsuit. Justice is to be given to the rich and the poor alike, and evidence of wealth or poverty of either party is immaterial and is inadmissible to prove liability or as bearing on the amount of damages to be awarded.

The obvious purpose of the inquiry was to arouse the sympathy of the jury. The trial court, by overruling defendant's objection to this testimony, in effect said to the jury that this was competent evidence for its consideration. Just what effect this evidence had on the jury's verdict cannot be determined by this court on this appeal. Overruling the objection was prejudicial error.

Finally, the defendant contends that it was reversible error for the court to permit the plaintiff to ask the defendant whether he had been convicted of aggravated reckless driving. The defendant was asked:

"Q. Mr. Perleberger [sic], have you ever been convicted of the crime of aggravated reckless driving?"

The conviction of aggravated reckless driving to which the plaintiff referred grew out of the same accident in which the plaintiff suffered her injuries. This was pointed out to the court by plaintiff's counsel in chambers, out of the hearing of the jury. The attorney for plaintiff stated to the court that he anticipated asking the defendant if he had ever been convicted of a crime, and that he presumed the defendant's

answer would have to be "yes." Counsel then stated:

"He was convicted of aggravated reckless driving in this case."

The trial court overruled defendant's objection to this testimony, and plaintiff was permitted to ask this question of the defendant on the theory that his answer went to his credibility as a witness.

 Permitting the plaintiff to ask this question was prejudicial error. In the case of Renner v. Murray (N.D.), 136 N. W.2d 794, we held that the record of conviction in a criminal case of aggravated reckless driving which is not based upon a plea of guilty is not admissible in evidence in a civil action for damages arising out of the same facts to establish the truth of the facts on which the conviction was rendered. The fact that another jury, on the same set of facts, had found the defendant guilty of aggravated reckless driving was not admissible in evidence in a civil case to establish the truth of the facts on which it was rendered. It therefore was prejudicial error to permit the plaintiff to question the defendant regarding his conviction for aggravated reckless driving as proof of his gross negligence in this case.

For reasons stated herein, the judgment of the district court is reversed and a new trial is granted.

TEIGEN, C. J., KNUDSON and ERICKSTAD, JJ., and NORBERT J. MUGGLI, District Judge, concur.

PAULSON, J., deeming himself disqualified, did not participate; Honorable NORBERT J. MUGGLI, Judge of the Sixth Judicial District, sitting in his stead.